# Supreme Court of Florida

_____

No. SC15-150

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE.**

[February 19, 2015]

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee (Committee) has filed a "fast-track" out-of-cycle report proposing amendments to the Florida Rules of Juvenile Procedure intended to implement recent legislation.  See Fla. R. Jud. Admin. 2.140(e).  We have jurisdiction[1] and adopt the amendments as proposed.

The Committee proposes amendments to existing rules 8.305 (Shelter Petition, Hearing, and Order); 8.310 (Dependency Petitions); 8.350 (Placement of Child into Residential Treatment Center After Adjudication of Dependency); 8.355 (Administration of Psychotropic Medication to a Child in Shelter Care or in Foster Care When Parental Consent Has Not Been Obtained); 8.415 (Judicial Review of

_____

1.  Art. V, § 2(a), Fla. Const.

Dependency Cases); and existing forms 8.960 (Shelter Petition); 8.961 (Shelter Order); 8.970 (Order on Judicial Review); 8.973A (Order on Judicial Review for Child Age 17 or Older); 8.973B (Order on Judicial Review); 8.973C (Order on Judicial Review for Young Adults in Extended Foster Care). The Committee also proposes new rule 8.231 (Providing Counsel to Dependent Children With Special Needs). The majority of the proposals implement statutory changes,[2] which became effective July 1, 2014.[3]

The Board of Governors of The Florida Bar unanimously approved the proposals. The Committee did not publish its proposals before filing them with the Court.

After considering the proposed amendments and reviewing the relevant legislation, we amend the Florida Rules of Juvenile Procedure as proposed by the Committee. The more significant amendments make the following changes to the rules.

---

2. See ch. 2014-166, § 1, Laws of Fla. (amending § 39.701(3)(a), Fla. Stat.); ch. 2014-224, §§ 12, 13, 17, Laws of Fla. (amending §§ 39.402(8)(h), (9); 39.501(3)(d); 39.701(2)(c), (3)(a), Fla. Stat.); ch. 2014-227, § 1, Laws of Fla. (creating § 39.01305, Fla. Stat.).

3. See ch. 2014-166, § 6, Laws of Fla.; ch. 2014-224, § 62, Laws of Fla.; ch. 2014-227, § 2, Laws of Fla.

New rule 8.231 (Providing Counsel to Dependent Children With Special Needs) provides the procedure for appointing counsel for a dependent child with certain special needs. See ch. 2014-227, § 1, Laws of Fla. (creating section 39.01305, Fla. Stat.). Subdivision (a) (Duty of Court) of the rule provides the procedure the court must use for appointing an attorney to represent a dependent child with special needs. Subdivision (b) (Determination of Dependent Child of Special Needs) sets out the statutory requirements for determining a dependent child is a child of special needs. Subdivision (c) (Duties of Attorney) provides the duties of the appointed attorney. The amendments to rules 8.350 (Placement of Children into Residential Treatment Center After Adjudication of Dependency), and 8.355 (Administration of Psychotropic Medication to a Child in Shelter Care or in Foster Care When Parental Consent Has Not Been Obtained) require the court to appoint an attorney for a dependent child subject to proceedings under those rules, in accordance with the procedures in new rule 8.231.

The amendments to subdivisions (a) (Shelter Petition) and (c) (Shelter Order) of rule 8.305 (Shelter Petition, Hearing, and Order), and forms 8.960 (Shelter Petition) and 8.961 (Shelter Order) are in response to statutory requirements concerning placing siblings together when sheltering them in out-of-home care unless it is not in the best interest of each child to be placed together,

and providing sibling visitation when siblings cannot be placed together.  See ch. 2014-224, § 12, Laws of Fla. (amending §§ 39.402(8)(h), (9); Fla. Stat.).

The amendment to rule 8.310(a) (Dependency Petitions; Contents) adds information concerning safety planning offered to the child's parents or legal custodians to the list of things that must be described in a dependency petition. See ch. 2014-224, § 13, Laws of Fla. (amending § 39.501(3)(d), Fla. Stat.).

The amendment to subdivision (b) (Scheduling Hearings) of rule 8.415 (Judicial Review of Dependency Cases) requires the order removing the disability of nonage of the child to remove disabilities of nonage "pursuant to sections 743.044, 743.045 , 743.046, and 743.047, Florida Statutes, as well as any other disabilities of nonage that the court finds to be in the child's best interest to remove." See chs. 2014-166, § 1; 2014-224, § 17, Laws of Fla. (amending § 39.701(3)(a), Fla. Stat).  The amendment to subdivision (f)(1) (Court Action) of rule 8.415 requires the court to "determine the frequency, kind, and duration of contacts among siblings who have been separated during placement, as well as any efforts undertaken to reunite separated siblings, if doing so is in the best interest of each child." See ch. 2014-224, § 17, Laws of Fla. (amending § 39.701(2)(c), Fla. Stat.).  The form orders on judicial review are amended to conform to the amendment to subdivision (f)(1).

Accordingly, the Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[4]

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

---

4. All comments must be filed with the Court on or before April 20, 2015, with a certificate of service verifying that a copy has been served on the Committee Chair, Deborah Schroth, 921 N. Davis Street, Suite 360B, Jacksonville, FL 32209-6817, Deborah_schroth@dcf.state.fl.us, and on the Bar Staff Liaison to the Committee, Gregory Zhelesnik, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, gzhelesnik@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until May 12, 2015, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Juvenile Procedure

Deborah Anne Schroth, Chair, Juvenile Court Rules Committee, Jacksonville, Florida; John F. Harkness, Jr., Executive Director, and Ellen H. Sloyer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

 for Petitioner

# APPENDIX

## RULE 8.231.        PROVIDING COUNSEL TO DEPENDENT CHILDREN WITH SPECIAL NEEDS

**(a)    Duty of Court.**

(1)    The court shall appoint an attorney to represent any child who is determined to be a child of special needs and who is subject to any proceeding under chapter 39, Florida Statutes.

(A)    The court must first request a recommendation from the Statewide Guardian Ad Litem Office for an attorney who is willing to represent a child without additional compensation.  If such an attorney is available within 15 days after the court's request, the court must appoint that attorney.

(B)    If no attorney is available to represent a child without compensation, the court must appoint a compensated attorney.  A compensated attorney may be appointed within the 15-day period if the Statewide Guardian Ad Litem Office informs the court it will not be able to recommend an attorney within that time period.

(C)    The appointment continues until the attorney is allowed to withdraw, is discharged by the court, or until the case is dismissed.

(D)    The court order appointing an attorney must be in writing.

**(b)    Determination of Dependent Child of Special Needs.**

(1)   A dependent child of special needs is a child who:

(A)    resides in a skilled nursing facility or is being considered for placement in a skilled nursing home;

(B)    is prescribed psychotropic medication but declines assent to the psychotropic medication;

(C)     has a diagnosis of a developmental disability as defined in section 393.063, Florida Statutes;

(D)     is being placed in a residential treatment center or being considered for placement in a residential treatment center; or

(E)     is a victim of human trafficking as defined in section 787.06(2)(d), Florida Statutes.

**(c)     Duties of Attorney.**  The attorney shall provide the child the complete range of legal services, from the removal from the home or from the initial appointment through all available appellate proceedings.  With permission of the court, the attorney may arrange for supplemental or separate counsel to represent the child in appellate proceedings.

## RULE 8.305.     SHELTER PETITION, HEARING, AND ORDER

**(a)     Shelter Petition.** If a child has been or is to be removed from the home and maintained in an out-of-home placement for more than 24 hours, the person requesting placement shall file a written petition that shall:

(1) – (6)     [No Change]

(7)     recommend where the child is to be placed or the agency to be responsible for placement; and

(8)     if the children are currently not placed together, specify the reasonable efforts of the department to keep the siblings together after the removal from the home, why a foster home is not available to place the siblings, or why it is not in the best interest of the child that all the siblings be placed together in out-of-home care;

(9)     specify ongoing visitation or interaction between the siblings or if sibling visitation or interaction is not recommended, specify why visitation or interaction would be contrary to the safety or well-being of the child; and

(10)     be signed by the petitioner and, if represented by counsel, by the petitioner's attorney.

**(b)     [No Change]**

**(c)     Shelter Order.** An order granting shelter care must identify the parties present at the hearing and contain written findings that:

(1)     placement in shelter care is necessary based on the criteria provided by law;

(2)     placement in shelter care is in the best interest of the child;

(3)    the department made reasonable efforts to keep the siblings together after the removal from the home and specifies if the children are currently not placed together, why a foster home is not available or why it is not in the best interest of the child that all the siblings be placed together in out-of-home care;

(4)    specifies on-going visitation or interaction between the siblings or if sibling visitation or interaction is not recommended, specifies why visitation or interaction would be contrary to the safety or well-being of the child;

(5)    continuation of the child in the home is contrary to the welfare of the child because the home situation presents a substantial and immediate danger to the child's physical, mental, or emotional health or safety that cannot be mitigated by the provision of preventive services;

(46)    there is probable cause to believe the child is dependent;

(57)    the department has made reasonable efforts to prevent or eliminate the need for removal of the child from the home, including a description of which specific services, if available, could prevent or eliminate the need for removal or continued removal from the home, the date by which the services are expected to become available, and, if services are not available to prevent or eliminate the need for removal or continued removal of the child from the home, an explanation of why the services are not available for the child;

(68)    the court notified the parents or legal custodians of the time, date, and location of the next dependency hearing, and of the importance of their active participation in all subsequent proceedings and hearings; and

(79)    the court notified the parents or legal custodians of their right to counsel as provided by law.

**(d)    [No Change]**

**RULE 8.310.    DEPENDENCY PETITIONS**

**(a)    Contents.**

(1) – (4)    [No Change]

(5)    The petition must describe what voluntary services, safety planning and/or dependency mediation the parents or legal custodians were offered and the outcome of each.

**(b)– (e)    [No Change]**

**RULE 8.350.** **PLACEMENT OF CHILD INTO RESIDENTIAL TREATMENT CENTER AFTER ADJUDICATION OF DEPENDENCY**

**(a)** **Placement.**

**(1)** **Treatment Center Defined.** Any reference in this rule to a residential treatment center is to a residential treatment center or facility licensed under section 394.875, Florida Statutes, for residential mental health treatment. Any reference to hospital is to a hospital licensed under chapter 395, Florida Statutes, for residential mental health treatment. This rule does not apply to placement under sections 394.463 or 394.467, Florida Statutes.

**(2)** **Basis for Placement.** The placement of any child who has been adjudicated dependent for residential mental health treatment shall be as provided by law.

**(3)** **Assessment by Qualified Evaluator.** Whenever the department believes that a child in its legal custody may require placement in a residential treatment center or hospital, the department shall arrange to have the child assessed by a qualified evaluator as provided by law and shall file notice of this with the court and all parties. Upon the filing of this notice by the department, the court shall appoint a guardian ad litem for the child, if one has not already been appointed, and ~~may~~shall also appoint an attorney for the child. All appointments pursuant to this rule shall conform to the provisions of rule 8.231. Both the guardian ad litem and attorney~~, if appointed,~~ shall meet the child and shall have the opportunity to discuss the child's suitability for residential treatment with the qualified evaluator conducting the assessment. Upon the completion of the evaluator's written assessment, the department shall provide a copy to the court and to all parties. The guardian ad litem shall also provide a written report to the court and to all parties indicating the guardian ad litem's recommendation as to the child's placement in residential treatment and the child's wishes.

**(4)** **Motion for Placement.** If the department seeks to place the child in a residential treatment center or hospital, the department shall immediately file a motion for placement of the child with the court. This motion shall include a statement as to why the child is suitable for this placement and why less restrictive alternatives are not appropriate and also shall include the written findings of the qualified evaluator. The motion shall state whether all parties, including the child, are in agreement. Copies of the motion must be served on the child's attorney and all parties and participants.

**(5)** **Immediate Placement.**  If the evaluator's written assessment indicates that the child requires immediate placement in a residential treatment center or hospital and that such placement cannot wait for a hearing, then the department may place the child pending a hearing, unless the court orders otherwise.

**(6)** **Guardian ad Litem.**  The guardian ad litem must be represented by an attorney at all proceedings under this rule, unless the guardian ad litem is acting as an attorney. ~~If the department's motion, the guardian ad litem's report, or another party based on communication with the child indicates that the child does not agree with the department's motion, then the court shall appoint an attorney to represent the child, if one has not already been appointed.~~

**(7)** **Status Hearing.**  Upon the filing of a motion for placement, the court shall set the matter for a status hearing within 48 hours, excluding weekends and holidays. The department shall timely provide notice of the date, time, and place of the hearing to all parties and participants.

**(8)** **Notice of Hearing.**  The child's attorney or guardian ad litem shall notify the child of the date, time, and place of the hearing. No hearing shall proceed without the presence of the child's <u>attorney. The </u>guardian ad litem ~~and attorney, unless~~<u>may be </u>excused by the court for good cause shown. ~~Should the hearing occur in the absence of the guardian ad litem and attorney, upon request the court shall set the matter for an additional hearing within 24 hours, at which time the attorney and guardian ad litem shall be present.~~

**(9)** **Disagreement with Placement.**  ~~If the child appears at the status hearing not represented by an attorney, the court shall directly inquire of the child whether he or she disagrees with the motion for placement. If the child does not appear and is not represented by an attorney at the status hearing, the court shall diligently pursue all available information to determine if the child disagrees with the department's motion for placement.~~If no party disagrees with the department's motion at the status hearing, then the motion for placement may be approved by the court.  However, if any party, including the child, disagrees, then the court shall set the matter for hearing within 10 working days.

**(10)** **Presence of Child.**  ~~If counsel is not immediately available to represent the child, and the court determines that the child will be harmed if the hearing on placement is postponed, then the hearing may be held in the absence of counsel.~~ The child shall be present at the hearing unless the court determines pursuant to subdivision (c) that a court appearance is not in the child's best interest. In such circumstances, the child shall be provided the opportunity to express his or her views to the court by a method deemed appropriate by the court. ~~Further, if~~

counsel is not available at the time of the hearing, counsel shall be appointed as soon as practical thereafter and the court shall set an additional hearing at which time both counsel and the child shall be present.

**(11)    Hearing on Placement.**

(A)    At the hearing, the court shall consider, at a minimum, all of the following:

(i)    based on an independent assessment of the child, the recommendation of a department representative or authorized agent that the residential treatment or hospitalization is in the child's best interest and a showing that the placement is the least restrictive available alternative;

(ii)    the recommendation of the guardian ad litem;

(iii)    the written findings of the evaluation and suitability assessment prepared by a qualified evaluator; and

(iv)    the views regarding placement in residential treatment that the child expresses to the court.

(B)    All parties shall be permitted to present evidence and witnesses concerning the suitability of the placement.

(C)    If the court determines that the child is not suitable for residential treatment, the court shall order the department to place the child in the least restrictive setting that is best suited to meet the child's needs.

**(b)    Continuing Residential Placement Review**

(1)    The court shall conduct a hearing to review the status of the child's residential treatment plan no later than 3 months after the child's admission to the residential treatment program. An independent review of the child's progress toward achieving the goals and objectives of the treatment plan must be completed by a qualified evaluator and submitted to the court, the child's attorney, and all parties in writing at least 72 hours before the 3-month review hearing.

(2)    Review hearings shall be conducted every 3 months thereafter, until the child is placed in a less restrictive setting. At each 3-month review hearing, if the child appears and is not represented by an attorney, the court shall appoint counsel.directly inquire of the child whether he or she disagrees with continued placement. If the child does not appear and is not represented by an attorney, the court shall diligently pursue all information available to determine if the child disagrees with continued placement. If the court determines that the child disagrees with the continued placement, the court shall appoint an attorney for the

- 12 -

child. At the 3-month review hearing the court shall determine whether the child disagrees with continued placement.

(3)    If the court determines at any hearing that the child is not suitable for continued residential treatment, the court shall order the department to place the child in the least restrictive setting that is best suited to meet the child's needs.

**(c) – (d)    [No Change]**


**RULE 8.355.    ADMINISTRATION OF PSYCHOTROPIC MEDICATION TO A CHILD IN SHELTER CARE OR IN FOSTER CARE WHEN PARENTAL CONSENT HAS NOT BEEN OBTAINED**

**(a)    Motion for Court Authorization for Administration of Psychotropic Medications**.

(1)    Whenever the department believes that a child in its physical or legal custody requires the administration of a psychotropic medication, and the child's parents or legal guardians have not provided express and informed consent as provided by law, the department or its agent shall file a motion with the court to authorize the administration of the psychotropic medication before the administration of the medication, except as provided in subdivision (c) of this rule. In all cases in which a motion is required, the motion shall include the following information:

(A)    The written report of the department describing the efforts made to enable the prescribing physician to obtain express and informed consent for providing the medication to the child and describing other treatments considered or recommended for the child; ~~and~~

(B)    The prescribing physician's signed medical report, as required by law~~.~~; and

(C)    Whether the child assents to the medication.

(2)    If the child declines to assent to the proposed administration of psychotropic medication the court shall appoint an attorney to represent the child and a hearing shall be held on the department's motion.  The appointment shall conform to the provisions of rule 8.231.

(2)(3) The department must serve a copy of the motion, and notify all parties of its proposed administration of psychotropic medication to the child in writing, or by whatever other method best ensures that all parties receive notification of the proposed action, within 48 hours after filing the motion for court authorization. When an attorney is appointed to represent the child a copy of the motion must be served on the attorney.

(3)(4) If any party other than the child objects to the proposed administration of the psychotropic medication to the child, that party must file its objection within 2 working days after being notified of the department's motion.

**(b)     Court Action on Department's Motion for Administration of Psychotropic Medication.**

(1)     If the child assents and no party timely files an objection to the department's motion, the court may enter its order authorizing the proposed administration of the psychotropic medication without a hearing. Based on its determination of the best interests of the child, the court may order additional medical consultation or require the department to obtain a second opinion within a reasonable time, not more than 21 calendar days. When the court orders an additional medical consultation or second medical opinion, the department shall file a written report including the results of this additional consultation or a copy of the second medical opinion with the court within the time required by the court, and shall serve a copy of the report as required by subdivision (a)(2) of this rule.

(2)     If the child does not assent to the medication or any party timely files its objection to the proposed administration of the psychotropic medication to the child, the court shall hold a hearing as soon as possible on the department's motion.

(A)     At such hearing, the medical report of the prescribing physician is admissible in evidence.

(B)     At such hearing, the court shall ask the department whether additional medical, mental health, behavioral, counseling, or other services are being provided to the child that the prescribing physician considers to be necessary or beneficial in treating the child's medical condition, and which the physician recommends or expects to be provided to the child with the medication.

(C)     The court may order additional medical consultation or a second medical opinion, as provided in subdivision (b)(1) of this rule.

(D)     After considering the department's motion and any testimony received, the court may order that the department provide or continue to provide the proposed psychotropic medication to the child, on a determination that it is in the child's best interest to do so.

**(c)     [No Change]**

**RULE 8.415.          JUDICIAL REVIEW OF DEPENDENCY CASES**

**(a)     [No Change]**

**(b)     Scheduling Hearings.**

**(1)     Initial Review Hearing.** The court must determine when the first review hearing must be held and the clerk of the court must immediately schedule the review hearing. In no case may the hearing be scheduled for later than 6 months from the date of removal from the home or 90 days from the disposition or case plan approval hearing, whichever comes first. In every case, the court must conduct a judicial review at least every 6 months.

**(2)     Subsequent Review Hearings.** At each judicial review hearing, the court must schedule the next judicial review hearing which must be conducted within 6 months. The clerk of the court, at the judicial review hearing, must provide the parties, the social service agency charged with the supervision of care, custody, or guardianship of the child, the foster parent or legal custodian in whose home the child resides, any preadoptive parent, and such other persons as the court may direct with written notice of the date, time, and location of the next judicial review hearing.

**(3)     Review Hearings for Children 17 Years of Age.** The court must hold a judicial review hearing within 90 days after a child's 17th birthday. The court must also issue an order, separate from the order on judicial review, that the specific ~~disability~~disabilities of nonage of the child ~~has~~have been removed pursuant to sections 743.044, 743.045, 743.046, and 743.047, Florida Statutes, as well as any other disabilities of nonage that the court finds to be in the child's best interest to remove.  The court ~~and~~must continue to hold timely judicial review

- 15 -

hearings. If necessary, the court may review the status of the child more frequently during the year before the child's 18th birthday. At the last review hearing before the child reaches 18 years of age, the court must also address whether the child plans to remain in foster care, and, if so, ensure that the child's transition plan complies with the law.

**(4)    Review Hearings for Young Adults in Foster Care.** The court must review the status of a young adult at least every six months and must hold a permanency review hearing at least annually while the young adult remains in foster care. The young adult or any other party to the dependency case may request an additional hearing or judicial review.

**(c) – (e)    [No Change]**

**(f)    Court Action.**

(1)    The court must hold a hearing to review the compliance of the parties with the case plan and to determine what assigned tasks were and were not accomplished and the reasons for any noncompliance. The court must also determine the frequency, kind, and duration of contacts among siblings who have been separated during placement, as well as any efforts undertaken to reunite separated siblings, if doing so is in the best interest of each child.

(2)    If the court finds that the parents have substantially complied with the case plan, the court must return the child to the custody of the parents if the court is satisfied that reunification will not be detrimental to the child's safety, well-being, or physical, mental, or emotional health.

(3)    If the court finds that the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, must order the social service agency to submit its plan for compliance with the case plan, and must require the social service agency to show why the child could not be safely returned to the home of the parents. If the court finds that the child could not be safely returned to the parents, it must extend the case plan for a period of not more than 6 months to allow the social service agency to comply with its obligations under the case plan.

(4)    At any judicial review held under section 39.701(3), Florida Statutes, if, in the opinion of the court, the department has not met its obligations to the child as stated in the written case plan or in the provision of independent

living services, the court may issue an order directing the department to show cause as to why it has not done so. If the department cannot justify its noncompliance, the court may give the department 30 days within which to comply and, on failure to comply, the court may hold the department in contempt.

(5)     The court must enter a written order on the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, a determination of the future course of the proceedings, and the date, time, and place of the next hearing.

**(g) – (i)     [No Change]**

**FORM 8.960  SHELTER PETITION**

### AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER

COMES NOW, the undersigned, who being first duly sworn says:

1.      On .....(date)..... at .......... a.m./p.m. the above named minor child(ren) was/were found within the jurisdiction of this court.

.....      The child(ren) was/were taken into custody by ...............................

.....      The child(ren) need(s) to be taken into protective custody.

2.      The name, age, and residence of this/these child(ren) is/are:

| Name | Birth date | Sex | Address |
|------|-----------|-----|---------|
| ...................... | ................... | ................ | ....................... |
| ....................... | ................... | ................ | ....................... |
| ....................... | ................... | ................ | ....................... |

3.      The name, relationship to the child(ren), and address of the child(ren)'s parents or other legal custodian(s) is/are:

| Name | Relationship | Address |
|------|-------------|---------|
| ..................... | ..................... | ..................... |
| ..................... | ..................... | ..................... |

4.      The following individuals who were listed in #3 above have been notified in the following manner of the date, time, and location of this hearing:

| Name | Manner Notified |
|------|----------------|
| ………………………………… | …………………………………. |
| …………………………….... | …………………………………. |
| …………………………….… | …………………………………. |

5.      There is probable cause that the child(ren)

….. a.      has/have been abused, abandoned, or neglected ort is/are in imminent danger of illness or injury as a result of abuse, abandonment, or neglect;

- 18 -

….. b.         was/were with a parent or legal custodian who has materially violated a condition of placement imposed by the court;

….. c.         has/have no legal custodian, or responsible adult relative immediately known and available to provide supervision and care; because ………………..

6.       The provision of appropriate and available services will not eliminate the need for placement of the child(ren) in shelter care because:

….. a.         an emergency existed in which the child(ren) could not safely remain in the home;

….. b.         the home situation presents a substantial and immediate danger to the child(ren) which cannot be mitigated by the provision of preventive services;

….. c.         the child(ren) could not be protected in the home despite the provision of the following services and efforts made by the Department of Children and Family~~y~~ies ~~Services~~ to prevent or eliminate the need for placement in shelter care;

….. d.         ~~T~~the child(ren) cannot safely remain at home because there are no preventive services that can ensure the safety of the children.

7.       The department has made reasonable efforts to keep the siblings together after the removal from the home.  The reasonable efforts of the department were………………………….

….. a.  The children are currently placed together……………………………………….…

….. b. A foster home is not available to place the siblings together because …………………………………………………………………………………………………

….. c. It is not in the best interest of each child that all the siblings be placed together in out-of-home care because……………………………………………….
…………………………………………………………………………………………………

8.       On-going visitation or interaction between the siblings…(list)…. is

….. a.  recommended as follows…………………………………………

…... b. not recommended because visitation or interaction would be contrary to the safety or well-being of ….(name(s))….. because………………………………………………..…….

79. The child(ren) is/are in need of and the petitioner requests the appointment of a guardian ad litem.

810. The petitioner requests that the parents, if able, be ordered to pay fees for the care, support, and maintenance of the child(ren) as established by the department under chapter 39, Florida Statutes.

911. The petitioner requests that the parents be ordered to provide to the Department of Children and Family Servicesies and the Department of Revenue financial information necessary to accurately calculate child support under section 61.30, Florida Statutes, within 28 days of this order.

1012. This affidavit and petition is filed in good faith and under oath.

WHEREFORE, the affiant requests that this court order that this/these child(ren) be placed in the custody of the department until this/these child(ren) be placed in the custody of the department until further order of this court and that the place of such custody shall be:

….. at the discretion of the Department of Children and FamilyiesServices;

….. at the home of a responsible adult relative, …..(name)….., whose address is ……………;
….. other.

_____
Moving Party

_____
…..(attorney's name)…..
…..(address and telephone number)…..
E-mail address: ………………
Florida Bar number: …………………

Verification

## NOTICE TO PARENTS/GUARDIANS/LEGAL CUSTODIANS

A date and time for an arraignment hearing is normally set at this shelter hearing. If one is not set or if there are questions, you should contact the Juvenile Court Clerk's Office at ………………  A copy of the Petition for Dependency will be given to you or to your attorney, if you have one. A copy will also be available in the clerk's office. You have a right to have an attorney represent you at this hearing and during the dependency proceedings and an attorney will

be appointed for you if you request an attorney and the court finds that you are unable to afford an attorney.

COMMENT:  The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact …..(name, address, telephone number)….. at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**FORM 8.961.**         **SHELTER ORDER**

ORDER FOR PLACEMENT IN SHELTER


   THIS CAUSE came on to be heard under chapter 39, Florida Statutes, on the sworn AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER CARE filed by…..(petitioner's name)….., on …..(date)…... The following persons appeared before the court:

…..    Petitioner ……………………...

…..    Petitioner's attorney……………

…..    Mother…………………………

…..    Father(s)………………………

…..    Legal custodian(s)……………..

…..    Guardian ad litem……………..

…..    GAL attorney…………………

…..    Attorney for the Child …………………

…..    Other: ………………………..

and the Court having reviewed its file and having been otherwise duly advised in the premises finds as follows:

   1.      The minor child(ren), …………., was/were found within the jurisdiction of this court and is/are of an age subject to the jurisdiction of this court.

   2.     PLACEMENT IN SHELTER.

   …..    The minor child(ren) was/were placed in shelter on …..(date)….. at ….. a.m./p.m. by …..(name)….., a duly authorized agent of the department.

   …..    The minor child(ren) need(s) to be placed in shelter at the request of the petitioner for the reasons stated in this order.

   3 . PARENTS/CUSTODIANS. The parents/custodians of the minor child(ren) are:

       Name                        Address

Mother:      ………………      ..……………………………..

Father of …..(child's name)…..

             ………………      ………………………………….

Other: …… (relationship and to which child)…..

             ………………      …………………………….………

4      INABILITY TO NOTIFY AND/OR LOCATE PARENTS/CUSTODIANS. The petitioner has made a good faith effort to notify and/or locate, but was unable to notify and/or locate …..(name(s))….., a parent or legal custodian of the minor child(ren).

5.      NOTIFICATION. Each parent/legal custodian not listed in #4 above was:

..…      duly notified that the child(ren) was/were taken into custody;

..…      duly notified to be present at this hearing;

…..      served with a statement setting forth a summary of procedures involved in dependency cases;

…..      advised of their right to counsel; and

      …..      was represented by counsel, ….. (name)…..

      …..      knowingly, voluntarily, and intelligently waived the right; or

      …..      the court declined to accept the waiver because …………………………

      .....      requested appointment of counsel, but the court declined appointment because he/she did not qualify as indigent.

      …..      requested appointment of counsel and counsel was appointed.

6.      PROBABLE CAUSE.

….. Based on the allegations in the Affidavit and Petition for Placement in Shelter, there is probable cause to believe that the child(ren) is/are dependent based on allegations of abuse, abandonment, or neglect or substantial risk of same.

….. A finding of probable cause cannot be made at this time and the court requires additional information to determine the risk to the child(ren). The following information must be provided to the court during the continuation of this hearing: …..(information to be provided)…... This hearing is continued for 72 hours, until …..(date and time)…... The children will remain in shelter care.

7. NEED FOR PLACEMENT. Placement of the child(ren) in shelter care is in the best interest of the child(ren). Continuation in the home is contrary to the welfare of the child(ren) because the home situation presents a substantial and immediate danger which cannot be mitigated by the provision of preventive services and placement is necessary to protect the child(ren) as shown by the following facts:

….. the child(ren) was/were abused, abandoned, or neglected, or is/are suffering from or in imminent danger of injury or illness as a result of abuse, abandonment, or neglect, specifically: ………………………………..

….. the custodian has materially violated a condition of placement imposed by the court, specifically: …………………………………………………….

….. the child(ren) has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care, specifically: …………………………………………………………………… …………………………………………………………………………..

8. REASONABLE EFFORTS.

….. Reasonable efforts to prevent or eliminate the need for removing the child(ren) from the home have been made by the department, which provided the following services to the family: ………………………………………………….

….. The following specific services, if available, could prevent or eliminate the need for removal or continued removal of the child from the home ………………

….. The date these services are expected to be available is ……………………

….. The department is deemed to have made reasonable efforts to prevent or eliminate the need for removal from the home because:

….. The first contact with the department occurred during an emergency.

….. The appraisal of the home situation by the department indicates a substantial and immediate danger to the child(ren) which cannot be mitigated by the provision of preventive services.

….. The child(ren) cannot safely remain at home because no services exist that can ensure the safety of the child(ren). Services are not available because…………………………………………………………………..

….. Even with appropriate services, the child(ren)'s safety cannot be ensured.

….. The department has made reasonable efforts to keep siblings together after the removal from the home. The reasonable efforts of the department were…….…………………………………………………………………….

….. It is not in the best interest of each child that all the siblings be placed together in out-of-home care because……………………………………….

9. RELATIVE PLACEMENT

….. The court asked any parents present whether the parents have relatives that might be considered as a placement for the child(ren).

….. The court advised any parents present that the parents have a continuing duty to inform The department of any relative who should be considered for placement of the child.

….. By this order, the court notifies the relatives who are providing out-of-home care for the child(ren) of the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the child(ren), if they so desire.

It is, therefore, ORDERED AND ADJUDGED, as follows:

….. 1. The child(ren) shall remain/be placed in the shelter custody of:

..... the department, with the department having the discretion to shelter the child(ren) with a relative or other responsible adult on completion of a positive homestudy, abuse registry, and criminal background checks.

.…      all the children shall be placed together in a foster home if available.

…..      a foster home is not available for all the children because…………………………………………………………………

       placement of all the children in the same foster home is not in the best interest of the child(ren)………(identify the child(ren))…. because …………………………………………………………………………….

.…      Other: …………………………………………………………………

2.      The child(ren)….. may…… may not be returned to the parent/custodian without further order of this court.

3.       The Guardian Ad Litem Program is appointed.

4.      The parents, within 28 days of the date of this order, shall provide to the department the information necessary to accurately calculate child support under section 61.30, Florida Statutes. The parents shall pay child support in accordance with Florida Statutes.

5.      The legal custodian, or in the absence of the legal custodian, the department and its agents, are hereby authorized to provide consent for and to obtain ordinary and necessary medical and dental treatment and examination for the above child(ren) including blood testing deemed medically appropriate, and necessary preventive care, including ordinary immunizations and tuberculin testing.

6.      Visitation with the child(ren) shall be as follows:

By the parents ……………………………………………………….

Between the sibling children ………………………………………..

Visitation or interaction between the children .…(identify child(ren))….. is not ordered as it will be contrary to the safety or well-being of….(identify child(ren)) because …………………………………………………………………..

7.      The parents shall provide to the court and all parties identification and location information regarding potential relative placements.

8.     The relatives who are providing out-of-home care for the child(ren) have the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the child(ren), if they so desire.

9.     **IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN, THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CHILD(REN)'S OUT-OF-HOME PLACEMENT MAY BECOME PERMANENT.**

10.    Special conditions: ………………………………………………………..

11.    This court retains jurisdiction over this matter to enter any other and further orders as may be deemed to be in the best interest and welfare of this/these child(ren).

12     If a Petition for Dependency is subsequently filed in this cause, **the Arraignment Hearing is scheduled for ….(date)…., at ….. a.m./p.m. At…..(location of arraignment)…... The parents have a right to be represented by an attorney at the arraignment hearing and during the dependency proceedings.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ….. (name, address, telephone  number)….. at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled  appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

ORDERED in …………  County, Florida on …..(date)….., at…..a.m./p.m.

---
               Circuit Judge

**FORM 8.970.     ORDER ON JUDICIAL REVIEW**

ORDER ON JUDICIAL REVIEW AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Famil~~y Services~~ies in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

<u>…..     …..(name)….., Child</u>

<u>…..     …..(name)….., Attorney/Attorney ad litem for the child</u>

…..     …..(name)….., Petitioner

…..     …..(name)….., Attorney for the petitioner

…..     …..(name)….., Attorney for the department

…..     …..(name)….., Department caseworker

…..     …..(name)….., Mother

…..     …..(name)….., Attorney for mother

…..     …..(name)….., Father of …..(child)…..

…..     …..(name)….., Attorney for father

…..     …..(name)….., Guardian ad litem

…..     …..(name)….., Attorney for guardian ad litem

…..     …..(name)….., Legal custodian

…..     …..(name)….., Attorney for legal custodian

~~…..     …..(name)….., Child~~

….. …..(name)….., Attorney/Attorney ad litem for the child

….. …..(name)….., Other ……………..

And the court having considered

….. Judicial Review and Social Study Report filed by the Department

….. Statement/home study filed by the Department

….. Report of the Guardian Ad Litem

….. Case plan filed by the Department

….. Statement by the Child's Caretaker

….. Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child

….. Other ……………………………………………………………………….

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1. That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.

2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

….. …...(name)….., Petitioner

….. …..(name)….., Attorney for the petitioner

….. …..(name)….., Attorney for the department

….. …..(name)….., Department caseworker

….. …..(name)….., Mother

….. …..(name)….., Attorney for mother

….. …..(name)….., Father of …..(child)…..

….. …..(name)….., Attorney for father

….. …..(name)….., Guardian ad litem

….. …..(name)….., Attorney for guardian ad litem

….. …..(name)….., Legal custodian

….. …..(name)….., Attorney for legal custodian

~~….. …..(name)….., Attorney ad litem for the child~~

….. …..(name)….., Other ………………..

3. The mother, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

.....appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

.....was ..... was not appointed an attorney.

4. The father, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

.....was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

5. The department filed a judicial review report with the court on .....(date)...... This judicial review report ..... is ..... is not in compliance with the statutory requirements.

6. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)......

7. The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......

8. The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

9. The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......

10. The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

11. The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

12. The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

13. The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14. The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

15. The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16. The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

17. The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

18. The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 19, 20, 21, 22, & 23, & 24 if child(ren) is/are not placed in the home of a parent.

..... 19. It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)......

..... 20. Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

….. 21. The children ….. are ….. are not separated in their placements. The following efforts have been made to reunite separated siblings: ………………………………………………………………………………………………… ………………………………………………………………………………………………… ………………………………………………………………………………………………… ….. It is not in the best interest of each sibling to be reunited in their placement because: ………………………………………………………………………………………………… ………………………………………………………………………………………………… ….. Each sibling has the following frequency, kind and duration of contacts: ………………………………………………………………………………………………… ………………………………………………………………………………………………… …………………………………………………………………………………………………

..... 2122. Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely .....remain .....return home with services and removal of the child(ren) is necessary to protect the child(ren).

..... 2223. Prevention or reunification services .....were not .....were indicated and are as follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because ..........

..... 2324. The likelihood of the children's reunification with the parent or legal custodian within 12 months is …………………...........

COMMENT: Use 2425 if child(ren) remain(s) or is/are returned to the parent(s).

..... 2425. The child(ren) can safely ..... remain with ..... be returned to .....(parent('s)(s') name(s))..... as long as he/she/they comply(ies) with the following: ……………………….

The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The minor child(ren), .....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.

2. The judicial review report filed by the department is:

..... not accepted and a continuance was requested.

..... accepted by the court.

..... 3. The court finds that it is not likely that the child(ren) will be reunified with the parent or legal custodian within 12 months after the child was removed from the home. The department shall file a motion within 10 days of receipt of this written order to amend the case plan to incorporate concurrent planning into the case plan.

4. The court inquired of any parents present whether they have relatives who might be considered for placement of the children.

5. Other: ............................................

6. All prior orders not inconsistent with the present order shall remain in full force and effect.

7. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

8. This matter is scheduled for Judicial Review on .....(date)..... at .....(time)......

DONE AND ORDERED in ………………., Florida on …..(date)….. at …..(time)…..

_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ..... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to:

**FORM 8.973A.     ORDER ON JUDICIAL REVIEW FOR CHILD AGE 17 OR OLDER**

ORDER ON JUDICIAL REVIEW FOR CHILD OVER AGE 17
AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on …..(date)….. for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

The following persons appeared before the court:

…..     …..(name)….., Child

…..     …..(name)….., Attorney/Attorney ad litem for the Child

…..     …..(name)….., Petitioner

…..     …..(name)….., Attorney for the petitioner

…..     …..(name)….., Attorney for the department

…..     …..(name)….., Department caseworker

…..     …..(name)….., Mother

…..     …..(name)….., Attorney for mother

…..     …..(name)….., Father of …..(child)…..

…..     …..(name)….., Attorney for father

…..     …..(name)….., Guardian ad litem

…..     …..(name)….., Attorney for guardian ad litem

…..     …..(name)….., Legal custodian

…..     …..(name)….., Attorney for legal custodian

….. …..(name)….., Other ……………..

and the court having considered:

….. Judicial Review Social Study Report filed by the Department;

….. Because the child reached the age of 17 within the past 90 days, written verification that the child:

> ….. Has been provided with a current Medicaid card and has been provided all necessary information concerning the Medicaid program;
>
> ….. Has been provided with a certified copy of his or her birth certificate and has a valid Florida driver's license or has been provided with a Florida identification card;
>
> ….. Has a social security card and has been provided information relating to Social Security Insurance benefits, if the child is believed to be eligible;
>
> ….. Has received a full accounting if there is a Master Trust for the child and has been informed as to how to access those funds;
>
> ….. Has been provided with information related to the Road-to-Independence Program, including eligibility requirements, information on participation, and assistance in gaining admission to the program. If the child is eligible for the Road-to-Independence Program, has been informed that he or she may reside with the licensed foster family or group care provider with whom the child was residing at the time of attaining his or her 18th birthday or may reside in another licensed foster home or with a group care provider arranged by the department;
>
> ….. Has an open bank account or the identification necessary to open a bank account and the information necessary to acquire essential banking and budgeting skills;
>
> ….. Has been provided with information on public assistance and how to apply;
>
> ….. Has been provided a clear understanding of where he or she will be living on his or her 18th birthday, how living expenses will be paid, and what educational program the child will be enrolled in.

..... Has been provided with information as to the child's ability to remain in care until he/she reaches 21 years of age;

..... Has been provided with a letter stating the dates that the child is under the jurisdiction of the court;

..... Has been provided with a letter stating that the child is in compliance with financial aid documentation requirements;

..... Has been provided his or her educational records;

..... Has been provided his or her entire health and mental health records;

..... Has been provided with information concerning the process for accessing his or her case file; and

..... Has been provided with a statement encouraging the child to attend all judicial review hearings occurring after his or her 17th birthday.

..... Statement/homestudy filed by the Department;

..... Report of the Guardian Ad Litem;

..... A case plan, dated ........., filed by the Department that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;

..... Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;

..... Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;

..... Other ..................

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.     That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.

2.     The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

…..     …..(Name)……, Child

…..     …..(Name)……, Attorney/Attorney ad Litem for the Child

…..     …..(Name)……, Petitioner

…..     …..(Name)……, Attorney for the petitioner

…..     …..(Name)……, Attorney for the department

…..     …..(Name)……, Department caseworker

…..     …..(Name)……, Mother

…..     …..(Name)……, Attorney for mother

…..     …..(Name)……, Father of ……(child)……

…..     …..(Name)……, Attorney for father

…..     …..(Name)……, Guardian ad litem

…..     …..(Name)……, Attorney for guardian ad litem

…..     …..(Name)……, Legal custodian

…..     …..(Name)……, Attorney for legal custodian

…..     …..(Name)……, Other:………………….

3.     The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4. The mother, …..(name)……:

….. did not appear and …… was …… was not represented by legal counsel;

….. appeared …… with …… without legal counsel and …… was …… was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ….. waived….. did not waive her right to legal counsel; and
….. was ….. was not determined to qualify as indigent and

….. was …... was not appointed an attorney.

5. The father, ….. (name)....:

….. did not appear and …… was …… was not represented by legal counsel;

….. appeared …… with …… without legal counsel and …… was …… was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ….. waived ….. did not waive his right to legal counsel; and

….. was ….. was not determined to qualify as indigent and

….. was ….. was not appointed an attorney.

COMMENT: Repeat above for each father.

6. The department filed a judicial review report with the court on …..(date) …... This judicial review report ….. is ….. is not in compliance with the statutory requirements.

7. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan:  …..(names of those notified) …...

8. The mother has complied with the following tasks in the case plan: ….. (list tasks complied with) …...

9.     The mother has not complied with the following tasks in the case plan:  ….. (list tasks not complied with) …...

10.     The father, ….. (father's name) ….., has complied with the following tasks in the case plan: ….. (list tasks complied with) …...

11.     The father, ….. (father's name) ….., has not complied with the following tasks in the case plan: ….. (list tasks not complied with)…...

12.     The mother …..has ….. has not complied with court ordered visitation as follows: ….. (explanation of visitation compliance)…...

13.     The father, …..(father's name) ….., ….. has ….. has not complied with court ordered visitation as follows: …..(explanation of visitation compliance)…...

14.     The department ….. has ….. has not complied with court ordered visitation as follows: …..(explanation of visitation compliance)…...

15.     The mother ….. has ….. has not complied with court ordered financial support for the child as follows: …..(explanation of financial compliance)…...

16.     The father, ….. (father's name) ….., ….. has ….. has not complied with court ordered financial support for the child as follows: ….. (explanation of financial compliance)…...

17.     The mother ….. has ….. has not complied with court ordered meetings with the department as follows: ….. (explanation of meetings compliance)…...

18.     The father, …..(father's name)….. , ….. has ….. has not complied with court ordered meetings with the department as follows: …..(explanation of meetings compliance)…...

19.     The department ….. has ….. has not complied with court ordered meetings with the parents as follows: …..(explanation of meetings compliance)…...

COMMENT: Use 20, 21, 22 & 23 if child(ren) is/are not placed in the home of a parent.

…..   20.     It is in the best interest of the minor child(ren) to be placed in the care and custody of …..(placement ordered)…..

….. 21. Placement of the minor child(ren) in the care and custody of ….. (placement ordered) …..  is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

….. 22. The children ….. are ….. are not separated in their placements.  The following efforts have been made to reunite the siblings: …………………………. ……………………………………………………. ……………………………………………….

….. It is not in the siblings' best interest to be reunited in their placement because: ……………………………………………………………………………………………………………………… ……………

….. The separate siblings have the following frequency, kind and duration of contacts: ……………………………………………………………………………………

….. 2223. Return of the minor child(ren) to the custody of …..(person(s) from whom child(ren) was/were originally removed)….. would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely ….. remain ….. return home with services and removal of the child(ren) is necessary to protect the child(ren).

….. 2324. Prevention or reunification services ….. were not ….. were indicated and are as follows: …..(services indicated)…... Further efforts could not have shortened separation of this family because …………………..

COMMENT: Use 2425 if child(ren) remain(s) or is/are returned to the parent(s).

….. 2425. The child(ren) can safely ….. remain with ….. be returned to …..(parent('s)(s') name(s))….. as long as he/she/they comply(ies) with the following: ………………….. The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ….. remain ….. return home.

….. 2526. The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

….. 2627. The department ….. has ….. has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1.      The minor child(ren), ….. name(s)) ….., be placed in the custody of …..(name)….., under supervision of the department.

2.      The judicial review report filed by the department is:

…..      not accepted and a continuance was requested.

…..      accepted by the court.

3.      Other:………………….

4.      All prior orders not inconsistent with the present order shall remain in full force and effect.

5.      This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

6.      This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall ~~first~~ occur <u>first</u>.

7.      This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth.

8.      This court shall retain jurisdiction until the child's 21st birthday, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday.

9.      This matter is scheduled for Judicial Review on ….. (date) ….. at …..(time) …...

DONE AND ORDERED in……………….., Florida, on …..(date)…...

_____
Circuit Judge

**NOTICE OF HEARING**

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on …..(date)….. at ….. a.m./p.m….., before …..(judge)….., at …..(location)….., or as soon thereafter as counsel can be heard.**

COMMENT:  The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ……(name, address, and telephone number)…… at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to………………….

**FORM 8.973B.**          **ORDER ON JUDICIAL REVIEW**

ORDER ON LAST JUDICIAL REVIEW BEFORE CHILD REACHES AGE 18 AND NOTICE
OF NEXT HEARING


THIS CAUSE came on to be heard on ….. (date) ….. for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

.....          .....(Name)....., Child
.....          .....(Name)....., Attorney/Attorney ad Litem for the Child
.....          .....(Name)....., Petitioner
.....          .....(Name)....., Attorney for the petitioner
.....          .....(Name)....., Attorney for the department
.....          .....(Name)....., Department caseworker
.....          .....(Name)....., Mother
.....          .....(Name)....., Attorney for mother
.....          .....(Name)....., Father of .....(child).....
.....          .....(Name)....., Attorney for father
.....          .....(Name)....., Guardian ad litem
.....          .....(Name)....., Attorney for guardian ad litem
.....          .....(Name)....., Legal custodian
.....          .....(Name)....., Attorney for legal custodian
.....          .....(Name)....., Other: ....................

and the court having considered:

.....          Judicial Review Social Study Report filed by the Department;
.....          Statement/homestudy filed by the Department;
.....          Report of the Guardian Ad Litem;
.....          A case plan, dated .........., filed by the Department that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;
.....          Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;
.....          Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;
.....          Other: .........................

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1. That the minor child(ren) who …..is/are….. the subject matter of these proceedings …..was/were….. adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and …..is/are……. resident(s) of the state of Florida.

2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

.....     .....(Name)....., Child
.....     .....(Name)....., Attorney/Attorney ad Litem for the Child
.....     .....(Name)....., Petitioner
.....     .....(Name)....., Attorney for the petitioner
.....     .....(Name)....., Attorney for the department
.....     .....(Name)....., Department caseworker
.....     .....(Name)....., Mother
.....     .....(Name)....., Attorney for mother
.....     .....(Name)....., Father of .....(child).....
.....     .....(Name)....., Attorney for father
.....     .....(Name)....., Guardian ad litem
.....     .....(Name)....., Attorney for guardian ad litem
.....     .....(Name)....., Legal custodian
.....     .....(Name)....., Attorney for legal custodian
.....     .....(Name)....., Other: ...................

3. The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4. The mother, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

5.      The father, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel; and

.... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

6.      The department filed a judicial review report with the court on …..(date)…… The judicial review report ….. is ….. is not in compliance with statutory requirements.

7.      The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: …..(names of those notified)……

8.      The mother has complied with the following tasks in the case plan: …..(list tasks complied with)…...

9.      The mother has not complied with the following tasks in the case plan: …..(list tasks not complied with)…...

10.     The father, …..(father's name)….., has complied with the following tasks in the case plan: …..(list tasks complied with) …...

11.     The father, …..(father's name)….., has not complied with the following tasks in the case plan: …..(list tasks not complied with)…...

12.     The mother …..has….. has not complied with court ordered visitation as follows: …..(explanation of visitation compliance)…...

13.     The father, …..(father's name)….., ….. has ….. has not complied with court ordered visitation as follows: …..(explanation of visitation compliance)…...

14.     The department …..has ….. has not complied with court ordered visitation as follows: …..(explanation of visitation compliance)….. .

15.     The mother …..has ….. has not complied with court ordered financial support for the child as follows: …..(explanation of financial compliance)…...

16.     The father, …..(father's name)….., ….. has ….. has not complied with court ordered financial support for the child as follows: ……(explanation of financial compliance)…...

17.     The mother ….. has ….. has not complied with court ordered meetings with the department as follows: …..(explanation of meetings compliance)…...

18.     The father, …..(father's name)….., ….. has ….. has not complied with court ordered meetings with the department as follows: …..(explanation of meetings compliance)…...

19.     The department ….. has ….. has not complied with court ordered meetings with the parents as follows: …..(explanation of meetings compliance)…...

COMMENT: Use 20, 21, 22, & 23, & 24 if child(ren) is/are not placed in the home of a parent.

20.     It is in the best interest of the minor child(ren) to be placed in the care and custody of …..(placement ordered)…...

21.     Placement of the minor child(ren) in the care and custody of …..(placement ordered)…… is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

…..   22.     The children ….. are ….. are not separated in their placements.  The following efforts have been made to reunite separated siblings: ……………………………………………………………………………………………

….. <u>It is not in the best interest of each sibling to be reunited in their placement because:</u>
…………………………………………………………………………………………

….. <u>Each sibling has the following frequency, kind and duration of contacts:</u>
…………………………………………………………………………………………

~~22~~23. Return of the minor child(ren) to the custody of ……(person(s) from whom child(ren) was/were originally removed)…… would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely …… remain …… return home with services and removal of the child(ren) is necessary to protect the child(ren).

~~23~~24. Prevention or reunification services …… were not ….. were indicated and are as follows: ……(services indicated)……. Further efforts could not have shortened separation of this family because ………………….

COMMENT: Use ~~24~~25 if child(ren) remain(s) or is/are returned to the parent(s).

~~24~~25. The child(ren) can safely ….. remain with ….. be returned to ….. (parent('s)(s') name(s))….. as long as he/she/they comply(ies) with the following: ………………... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to …… remain …… return home.

~~25~~26. The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

~~26~~27.The department ….. has …… has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

….. ~~27~~28. The child does plan on remaining in foster care.

a.      the child will meet the requirements by ………………………….

b.      the supervised living arrangement will be …………………..

c.      the child has been informed of

…..      (1)      the right to continued support and services;

…..      (2)      the right to request termination of this court's jurisdiction and to be discharged from foster care;

…..      (3)      the opportunity to reenter foster care pursuant to Florida law.

…..     2829.   The child does not plan on remaining in foster care. The child has been informed of:

……     a.       services ofor benefits for which the child may be eligible based upon the child's placement and length of time spent in licensed foster care;

……     b.       services or benefits that may be lost through a termination of the court's jurisdiction; and

……     c.       other federal, state, local, or community-based services or supports available to the child.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1.       The minor child(ren), ……(name(s))…… , be placed in the custody of ……(name)……, under supervision of the department.

2.       The judicial review report filed by the department is: ….. not accepted and a continuance was requested. ….. accepted by the court.

3.       Other: ……………...

4.       All prior orders not inconsistent with the present order shall remain in full force and effect.

5.       This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

6.       This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall first occur first.

7.       This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth.

8.       This court shall retain jurisdiction until the child's 21st birthday, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday.

9. This matter is scheduled for Judicial Review on ……(date)…… at …..(time)…...

DONE AND ORDERED in ……………….., Florida, on ……(date)…….

_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ..... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to: ..........

**FORM 8.973C.**  **ORDER ON JUDICIAL REVIEW FOR YOUNG ADULTS IN EXTENDED FOSTER CARE**

ORDER ON JUDICIAL REVIEW FOR YOUNG ADULTS IN EXTENDED FOSTER CARE AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

.....          .....(Name)....., Young Adult
.....          .....(Name)....., Attorney for the Young Adult
.....          .....(Name)....., Petitioner
.....          .....(Name)....., Attorney for the petitioner
.....          .....(Name)....., Attorney for the department
.....          .....(Name)....., Department caseworker
.....          .....(Name)....., Guardian ad litem
.....          .....(Name)....., Attorney for the guardian ad litem
.....          .....(Name)....., Other: ....................

and the court having considered:

.....          Judicial Review Social Study Report filed by the Department;
.....          Case Plan filed by the Department
.....          Report of the Guardian Ad Litem;
.....          Other: ....................

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.      The young adult ….. is ….. is not making progress in meeting the case plan goals, as follows: …………………

2.      The case plan and/or the young adult's transition plan shall be amended as follows: ………………….

3.      The Department and all services providers …… have ….. have not provided the appropriate services listed in the case plan. ….. The Department must take the following action to ensure the young adult receives identified services that have not been provided: ………….

….. 4. The young adult ….. is ….. is not separated from siblings in out-of-home care. The following efforts have been made to reunite separated siblings: …………………………………………………………………………………………………………………… …………………………………………………………………………………………………………………… …………………………………………………………………………………………………………………… ….. It is not in the best interest of each sibling to be reunited in their placement because: …………………………………………………………………………………………………………………… …………………………………………………………………………………………………………………… ….. Each sibling has the following frequency, kind and duration of contacts: …………………………………………………………………………………………………………………… …………………………………………………………………………………………………………………… ……………………………………………………………………………………………………………………

45. Jurisdiction in this case should be terminated based on the following facts:

…… a. The young adult has requested termination of jurisdiction; or

…… b. The young adult has been informed by the department of his or her right to attend this hearing and has provided written consent to waive this right, and

…… c. The young adult has been informed of the potential negative effects of early termination of care, the option to reenter care before reaching 21 years of age, the procedure for and the limitations on reentering care, and the availability of alternative services, and has signed a document attesting that he or she has been so informed and understands these provisions; or

…… d. The young adult has voluntarily left the program, has not signed the document indicated above, and is unwilling to participate in any further court proceeding; or

…… 4e. The young adult has been involuntarily discharged from the program by written notification dated ………………….., and the young adult has not appealed the discharge decision.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The judicial review report filed by the department is:

….. not accepted and a continuance was requested.

…… accepted by the court.

2. All prior orders not inconsistent with the present order shall remain in full force and effect.

…..  3.  This court shall retain jurisdiction until the young adult's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth.; or

……  ~~3~~4.  This court shall retain jurisdiction until the young adult's 21st birthday, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday.; or

…..  ~~3~~5.  Jurisdiction over this cause is hereby terminated.

…..  ~~4~~6. Other:…………………..

…..  ~~5~~7. This matter is scheduled for Judicial Review on …..(date)….. at ……(time)…….

DONE AND ORDERED in …………………, Florida, on ……(date)…….

_____
Circuit Judge

**NOTICE OF HEARING**

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ..... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to: .................................................