PER CURIAM.
In the February 19, 2015, opinion in this case,[1] the Court adopted out-of-cycle amendments to the Florida Rules of Juvenile Procedure (Rules). As is relevant here, the Court adopted new rule 8 .231 (Providing Counsel to Dependent Children with Special Needs), as well as amendments to existing rules 8.305 (Shelter Petition, Hearing, and Order); 8.310 (Dependency Petitions); 8.355 (Administration of Psychotropic Medication to a Child in Shelter Care or in Foster Care .When Parental Consent Has Not Been Obtained); 8.415 (Judicial Review of Dependency Cases); and. existing; forms 8.960 (Shelter Petition); 8.961 (Shelter Order); 8.970 (Order on Judicial Review); 8.973A (Order on Judicial Review for Child Age 17 or Older); and 8.973B (Order on Judicial Review). See In re Amends. to Fla. Rules of Juv. Proc., 158 So.3d 523 (Fla.2015). The amendments were proposed by the Florida Bar’s- Juvenile Court Rules Committee (Committee) in a fast-track report to implement recent legislation. See ch.2014-166, § 1, Laws of Fla. (amending § 39.701, Fla. Stat.); ' ch.2014-224, §§ 12, 13, 17, Laws of Fla. (amending §§ 39.402; 39.501; 39.701, Fla.-Stat.); ch.2014-227, § 1, Laws of Fla. (creating § 39.01305, Fla. Stat.). Because the amendménts were not published before they were adopted, the opinion allowed interested persons sixty days to file comments. See In re Amends. to Fla. Rules of Juv. Proc., 158 So.3d at 525. The Court received comments from the Florida Association of Counsel for Children, the Legal Needs of Children Committee of The Florida Bar, and a joint comment from the Florida Guardian ad Litem Program and Florida’s Children First. The Committee filed a response to the comments proposing additional rule amendments. The proposed amendments were unanimously approved-by the Board of Governors of The Florida Bar.
Upon consideration of the comments and the Committee’s response, we adopt most of the Committee’s additional amendments as proposed, with some, modifications discussed in this opinion. However, as discussed below,, we ¡ decline to adopt the Committee’s proposed amendment to the title of rule 8.355 (Administration of Psychotropic Medication to a Child in Shelter Care or- in Foster-.Care When Parental Consent Has Not Been Obtained).
*258 First, in rule 8.231, based on the suggestion from the Florida Guardian ad Litem Program and Florida’s Children First in their joint comment, and as proposed by the Committee, the title of the rule is amended -to “Providing Counsel to Dependent Children with Special Needs Who Have a Statutory Right to Counsel.” Additionally,- we add a new subdivision (a) (Applicability) to clarify that the rule applies to children for whom the court must appoint counsel under section 39.01305, Florida Statutes,[2] and does not affect the court’s authority to appoint counsel for any other child. Existing subdivision (a) (Duty of Court) is re-lettered as subdivision (b) (Duty of Court). We also amend the new subdivision (b), and delete the entirety of former subdivision (b) (Determination of a Dependent Child of Special Needs), to remove language restating the specific requirements and procedures for appointing counsel provided in section 39.01305. Instead, new subdivision (b) now provides that the court shall appoint an attorney to represent any child who has special needs, as defined in section 39.01305.
Also in response to the comments and as proposed by the Committee, we amend-several of the Juvenile Rules in an effort to better facilitate the appointment of counsel to children with special needs. Rule 8.305(a)(1) (Shelter Petition, Hearing, and Order; Shelter Petition) is amended to require that the Shelter Petition indicate whether the child has a special need requiring appointment of counsel as defined in section 39.01305, Florida Statutes. Rule 8.310(a) (Dependency Petitions; Contents) is amended to add a new subdivision (a)(6), requiring the dependency petition to identify each child who has a special need requiring the appointment of counsel, as defined in section 39.01305, Flórida Statutes. In rule 8.415 (Judicial Review of Dependency Cases), subdivision (c) (Report) is amended to add a new subdivision (c)(4), which provides that the Florida Department of Children and Families’ required report may indicate whether the dependent child has a special need as defined in section 39.01305, Florida Statutes, requiring the appointment of an attorney. Additionally, in subdivision (f) (Court Action) of rule 8.415, we add a new subdivision (f)(5), ■ which requires the court to appoint an attorney to represent a child with special needs as required by rule 8.231; the subsequent subdivision is renumbered accordingly. We also amend Juvenile Forms 8.960 and 8.961 to add new sections to the forms to indicate whether a child has special needs, and whether an attorney has been appointed for the child.
The Committee has proposed amendments to rule 8.355 (Administration of Psychotropic Medication to a Child in Shelter Care or in Foster Care When Parental Consent Has Not Been Obtained) to change the title of this rule to “Administration of Psychotropic Medication to a Child in Chapter 39 Proceedings.” Because the Committee’s proposed change would have the effect of broadening the scope of the rule from proceedings where a child’s parents do not consent to the administration of psychotropic medications, to all proceedings under Chapter 39, Florida Statutes, we do not adopt this amendment. However, we do amend rule 8.355, subdivision (a) (Motion for Court Authorization for Administration of Psychotropic Medications), as proposed by the Committee, to simplify the language in the rule.
Finally, based on comments from the Florida Guardian ad Litem Program, Florida’s Children First, arid The Légal Needs of Children Committee of The Florida Bar, *259 we amend rule 8.305(b)(7)(B), and forms 8.961,.8.970, 8.973A, and 8.973B to replace the term “attorney.ad litem” with the term “attorney for the child.”
Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon release of this opinion.
It is so ordered.
LABARGA, C.J., and PARIENTE, ’ LEWIS, QUINCE) CANADY, POLSTON, and PERRY, JJ., concur.
APPENDIX
RULE 8.231. PROVIDING COUNSEL TO DEPENDENT CHILDREN WITH SPECIAL NEEDS WHO HAVE A STATUTORY RIGHT TO COUNSEL
(a) Applicability. This rule applies to children for whom the court must appoint counsel under section 39.01305, ’Florida Statutes. This rule does not affect the court’s authority to appoint counsel 'for any other child.
(b) Duty of Court.
QJ-The court shall appoint an attorney to represent any child who is determined to-be-a child ofhas special needs as defined in section 39.01305, Florida Statutes, and who is subject to any proceeding under Chapter 39, Florida Statutes.
(A) ■ The court nmst-flrst--request---a-:rec-ommendation-from--the Statewide-Guardian Ad-Litem Office -for---an -- attor-ney-who-is veiling to-represent-a-child- without -additional-compensation. — If--such' an attorney is available-wfeMn-15-4ays--aftey the court’s request,- the» court-must appoint-that-aitor-
(-B-) If no attorney is available to-represent- ■ a child .without compensation,--the court--must appoint -a-compensated attorney; A conapen-sated-'-attorney-may-be -appointed.within-the 15 day period if - the Statewide Guardian — Ad--Litem ’ Office informs — the -court- it will not-be.able to recommend an attorney-within that time period-
■(C)-The-appointment continues-until the attorney -is-allowed--to.withdraw, is discharged by the court).or until the case is dismissed,-
(-D)-The- court order-appointing an attorney-must-be-in writing.
(b) -Determination of a — Dependent Child of -Special -Needs.
(⅛-)-A-dependent child of special-needs is a-child who:
(A)-resides in a--skilled-nursing facility or-is- being considered-for-placement in a skilled nursing-home;-
(B) is prescribed-psychotropic medication-but declines assent to-the psychotropic medication;
(-C) -has a diagnosi-s-of-a-developmental disability as defined — ⅛-seetion-393.063) -Florida-Statu-tes;
(D) is being placed.-in — a.residential treatment center or being considered-for-placement-in-a-r-esidential-freatment-cen-ter-;- or
(E-)-is--a-victi-m-of-hum-an-trafflcking as defined — in.section ,787.06(2)(d)) Florida Statutes.-
(c) [No Change]
RULE 8;305. SHELTER PETITION, HEARING, AND ORDER
(a) Shelter Petition. If a Child has been or is to be removed from the home and maintained in an out-of-home placement for more than 24 hours, the person requesting- placement shall file a written petition that shall:
*260 (1) specify the name, address, date of birth, and sex of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty and shall indicate whether the child has a special need requiring appointment of counsel as defined in section 39.01305, Florida Statutes;
(2) — (10) [No Change]
(b) Shelter Hearing.
(l)-(6) [No Change]
(7) The court shall appoint:
(A) [No Change]
(B) an attorney ad litem'-to represent the child if the court finds the appointment necessary or requiredand authorized by law; and
[No Change]
(8fy(14) [No Change]
(c)-(d) [No Change]
RULE 8.310. DEPENDENCY PETITIONS
(a) Contents.
(l)-(5) [No Change]
(6) The petition shall identify each child who has a special need requiring appointment of counsel as defined in section 39.01305, Florida Statutes.
(b)-(e) [No Change]
RULE 8.355. ADMINISTRATION OF PSYCHOTROPIC MEDICATION TO A CHILD IN SHELTER CARE OR IN FOSTER CARE WHEN PARENTAL CONSENT HAS NOT BEEN OBTAINED
(a) Motion for Court Authorization for Administration of Psychotropic Medications.
(1) Whenever the department believes that a-child in its physical or legal custody inquires the administration of a psychotropic medication, and the child’s parents or legal guardians have not provided express and informed consent as provided by law, the department or its agent shall file a motion with the court to authorize the administration of the psychotropic medication before the administration' of the medication, except as provided in subdivision (c) of this rule. In all cases in which a motion is required, the motion shall include the following information:
(A)-(B) [No Change]
(C)Whether the prescribing physician has obtained the child]s assents to take the medication.
(2) [No Change]
(3)- The department must serve a copy of the motion, and notify all parties and the child’s attorney, if appointed, of its proposed administration of psychotropic medication to the child in writing, or by whatever other method best ensures that all parties receive notification of the proposed action, within 48 hours after filing the motion for court authorization. When an-attorney is-appointed-to represent-the chiid-a-copy of the motion must be served-on-the-attorneyv
(4) [No Change]
(b)-(c) [No Change]
RULE 8.415. JUDICIAL REVIEW OF .DEPENDENCY CASES
(a)-(b) [No Change]
(c) Report. In all cases, the department or its agent must prepare a report to the court. The report must contain facts *261 showing the court to have jurisdiction of the cause as a dependency case. It must contain information as to the identity and residence of the parent, if known, and the legal custodian, the dates of the original dependency adjudication and any subsequent judicial review proceedings, the results of any safe-harbor placement assessment including the status of the child’s placement, and a request for one or more of the following forms of relief:
(1) [No Change]
(2) that the case plan be continued to permit the parents or social service agency to complete the tasks assigned to them in the agreement;-»
(3) that proceedings be instituted to terminate parental rights and legally free the child for adoption^ or
(4) that the child has a special need as defined in section 39.01305, Florida Statutes, who is not represented by an attorney, and who requires appointment of an attorney.
(d)-(e) [No Change]
(f) Court Action.
(1) — (4) [No Change]
(5) The court shall appoint an attorney to represent a child with special needs as required by rule 8.231, -and who is not already represented by an attorney.
(6) The court must enter a written order on the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, a determination of the future course of the proceedings, and the date, time, and place of the next hearing.
(g)-(i) [No Change]
*262 [[Image here]]
*263 [[Image here]]
*264 [[Image here]]
*265 [[Image here]]
*266 [[Image here]]
*267 [[Image here]]
*268 [[Image here]]
*269 [[Image here]]
*270 [[Image here]]
*271 [[Image here]]
*272 [[Image here]]
*273 [[Image here]]
*274 [[Image here]]
*275 [[Image here]]
*276 [[Image here]]
*277 [[Image here]]
*278 [[Image here]]
*279 [[Image here]]
*280 [[Image here]]
*281 [[Image here]]
*282 [[Image here]]
*283 [[Image here]]
*284 [[Image here]]
*285 [[Image here]]
*286 [[Image here]]
*287 [[Image here]]
*288 [[Image here]]
*289 [[Image here]]
*290 [[Image here]]
*291 [[Image here]]

. We have jurisdiction. See art. V, § 2(a), Fla. Const,

. We have modified proposed subdivision (a) to refer specifically to section 39.01305, Florida Statutes. We have similarly modified the Committee’s proposed amendments to rules 8.305(a), 8.310(a)(6), and 8.415(c)(4) to refer to section 39.01305.