# Supreme Court of Florida

_____

No. SC15-150

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE.**

[January 21, 2016]
**<u>CORRECTED OPINION</u>**

PER CURIAM.

In the February 19, 2015, opinion in this case,[1] the Court adopted out-of-cycle amendments to the Florida Rules of Juvenile Procedure (Rules). As is relevant here, the Court adopted new rule 8.231 (Providing Counsel to Dependent Children with Special Needs), as well as amendments to existing rules 8.305 (Shelter Petition, Hearing, and Order); 8.310 (Dependency Petitions); 8.355 (Administration of Psychotropic Medication to a Child in Shelter Care or in Foster Care When Parental Consent Has Not Been Obtained); 8.415 (Judicial Review of Dependency Cases); and existing forms 8.960 (Shelter Petition); 8.961 (Shelter Order); 8.970 (Order on Judicial Review); 8.973A (Order on Judicial Review for

---

1. We have jurisdiction. <u>See</u> art. V, § 2(a), Fla. Const.

Child Age 17 or Older); and 8.973B (Order on Judicial Review).  See In re Amends. to Fla. Rules of Juv. Proc., 158 So. 3d 523 (Fla. 2015).  The amendments were proposed by the Florida Bar's Juvenile Court Rules Committee (Committee) in a fast-track report to implement recent legislation.  See ch. 2014-166, § 1, Laws of Fla. (amending § 39.701, Fla. Stat.); ch. 2014-224, §§ 12, 13, 17, Laws of Fla. (amending §§ 39.402; 39.501; 39.701, Fla. Stat.); ch. 2014-227, § 1, Laws of Fla. (creating § 39.01305, Fla. Stat.).  Because the amendments were not published before they were adopted, the opinion allowed interested persons sixty days to file comments.  See In re Amends. to Fla. Rules of Juv. Proc., 158 So. 3d at 525.  The Court received comments from the Florida Association of Counsel for Children, the Legal Needs of Children Committee of The Florida Bar, and a joint comment from the Florida Guardian ad Litem Program and Florida's Children First.  The Committee filed a response to the comments proposing additional rule amendments.  The proposed amendments were unanimously approved by the Board of Governors of The Florida Bar.

Upon consideration of the comments and the Committee's response, we adopt most of the Committee's additional amendments as proposed, with some modifications discussed in this opinion.  However, as discussed below, we decline to adopt the Committee's proposed amendment to the title of rule 8.355

(Administration of Psychotropic Medication to a Child in Shelter Care or in Foster Care When Parental Consent Has Not Been Obtained).

First, in rule 8.231, based on the suggestion from the Florida Guardian ad Litem Program and Florida's Children First in their joint comment, and as proposed by the Committee, the title of the rule is amended to "Providing Counsel to Dependent Children with Special Needs Who Have a Statutory Right to Counsel." Additionally, we add a new subdivision (a) (Applicability) to clarify that the rule applies to children for whom the court must appoint counsel under section 39.01305, Florida Statutes,[2] and does not affect the court's authority to appoint counsel for any other child. Existing subdivision (a) (Duty of Court) is re-lettered as subdivision (b) (Duty of Court). We also amend the new subdivision (b), and delete the entirety of former subdivision (b) (Determination of a Dependent Child of Special Needs), to remove language restating the specific requirements and procedures for appointing counsel provided in section 39.01305. Instead, new subdivision (b) now provides that the court shall appoint an attorney to represent any child who has special needs, as defined in section 39.01305.

---

2. We have modified proposed subdivision (a) to refer specifically to section 39.01305, Florida Statutes. We have similarly modified the Committee's proposed amendments to rules 8.305(a), 8.310(a)(6), and 8.415(c)(4) to refer to section 39.01305.

Also in response to the comments and as proposed by the Committee, we amend several of the Juvenile Rules in an effort to better facilitate the appointment of counsel to children with special needs. Rule 8.305(a)(1) (Shelter Petition, Hearing, and Order; Shelter Petition) is amended to require that the Shelter Petition indicate whether the child has a special need requiring appointment of counsel as defined in section 39.01305, Florida Statutes. Rule 8.310(a) (Dependency Petitions; Contents) is amended to add a new subdivision (a)(6), requiring the dependency petition to identify each child who has a special need requiring the appointment of counsel, as defined in section 39.01305, Florida Statutes. In rule 8.415 (Judicial Review of Dependency Cases), subdivision (c) (Report) is amended to add a new subdivision (c)(4), which provides that the Florida Department of Children and Families' required report may indicate whether the dependent child has a special need as defined in section 39.01305, Florida Statutes, requiring the appointment of an attorney. Additionally, in subdivision (f) (Court Action) of rule 8.415, we add a new subdivision (f)(5), which requires the court to appoint an attorney to represent a child with special needs as required by rule 8.231; the subsequent subdivision is renumbered accordingly. We also amend Juvenile Forms 8.960 and 8.961 to add new sections to the forms to indicate whether a child has special needs, and whether an attorney has been appointed for the child.

The Committee has proposed amendments to rule 8.355 (Administration of Psychotropic Medication to a Child in Shelter Care or in Foster Care When Parental Consent Has Not Been Obtained) to change the title of this rule to "Administration of Psychotropic Medication to a Child in Chapter 39 Proceedings." Because the Committee's proposed change would have the effect of broadening the scope of the rule from proceedings where a child's parents do not consent to the administration of psychotropic medications, to all proceedings under Chapter 39, Florida Statutes, we do not adopt this amendment. However, we do amend rule 8.355, subdivision (a) (Motion for Court Authorization for Administration of Psychotropic Medications), as proposed by the Committee, to simplify the language in the rule.

Finally, based on comments from the Florida Guardian ad Litem Program, Florida's Children First, and The Legal Needs of Children Committee of The Florida Bar, we amend rule 8.305(b)(7)(B), and forms 8.961, 8.970, 8.973A, and 8.973B to replace the term "attorney ad litem" with the term "attorney for the child."

Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Robert William Mason, Chair, Juvenile Court Rules Committee, Jacksonville, Florida; Deborah Anne Schroth, Past Chair, Juvenile Court Rules Committee, Jacksonville, Florida; John F. Harkness, Jr., Executive Director, and Gregory A. Zhelesnik, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Tim Stevens, President, Florida Association of Counsel for Children, West Palm Beach, Florida; Tamara Ilene Gray, Chair, The Legal Needs of Children Committee, Miami, Florida; Dennis Wayne Moore, General Counsel, Statewide Guardian ad Litem Office, Orlando, Florida; and Robin L. Rosenberg, Deputy Director, Florida's Children First, Tampa, Florida,

Responding with Comments

**APPENDIX**

**RULE 8.231.    PROVIDING COUNSEL TO DEPENDENT CHILDREN WITH SPECIAL NEEDS WHO HAVE A STATUTORY RIGHT TO COUNSEL**

(a)    **Applicability.** This rule applies to children for whom the court must appoint counsel under section 39.01305, Florida Statutes. This rule does not affect the court's authority to appoint counsel for any other child.

**(b)    Duty of Court.**

(1)    The court shall appoint an attorney to represent any child who is determined to be a child ofhas special needs as defined in section 39.01305, Florida Statutes, and who is subject to any proceeding under Chapter 39, Florida Statutes.

(A)    The court must first request a recommendation from the Statewide Guardian Ad Litem Office for an attorney who is willing to represent a child without additional compensation.  If such an attorney is available within 15 days after the court's request, the court must appoint that attorney.

(B)    If no attorney is available to represent a child without compensation, the court must appoint a compensated attorney.  A compensated attorney may be appointed within the 15-day period if the Statewide Guardian Ad Litem Office informs the court it will not be able to recommend an attorney within that time period.

(C)    The appointment continues until the attorney is allowed to withdraw, is discharged by the court, or until the case is dismissed.

(D)    The court order appointing an attorney must be in writing.

**(b)    Determination of a Dependent Child of Special Needs.**

(1)    A dependent child of special needs is a child who:

(A)    resides in a skilled nursing facility or is being considered for placement in a skilled nursing home;

(B)   is prescribed psychotropic medication but declines assent to the psychotropic medication;

(C)   has a diagnosis of a developmental disability as defined in section 393.063, Florida Statutes;

(D)   is being placed in a residential treatment center or being considered for placement in a residential treatment center; or

(E)   is a victim of human trafficking as defined in section 787.06 (2)(d), Florida Statutes.

(c)   **[No Change]**


RULE 8.305.       SHELTER PETITION, HEARING, AND ORDER

(a)   **Shelter Petition.** If a child has been or is to be removed from the home and maintained in an out-of-home placement for more than 24 hours, the person requesting placement shall file a written petition that shall:

(1)   specify the name, address, date of birth, and sex of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty and shall indicate whether the child has a special need requiring appointment of counsel as defined in section 39.01305, Florida Statutes;

(2) – (10)   [No Change]

(b)   **Shelter Hearing.**

(1) – (6)   [No Change]

(7)   The court shall appoint:

(A)   [No Change]

(B)   an attorney ad litem to represent the child if the court finds the appointment necessary or required and authorized by law; and

(C)   [No Change]

- 8 -

(8) – (14)     [No Change]

**(c) – (d)     [No Change]**


**RULE 8.310.     DEPENDENCY PETITIONS**

**(a)     Contents.**

(1) – (5)     [No Change]

(6)     The petition shall identify each child who has a special need requiring appointment of counsel as defined in section 39.01305, Florida Statutes.

**(b) – (e)     [No Change]**


**RULE 8.355.     ADMINISTRATION OF PSYCHOTROPIC MEDICATION TO A CHILD IN SHELTER CARE OR IN FOSTER CARE WHEN PARENTAL CONSENT HAS NOT BEEN OBTAINED**

**(a)     Motion for Court Authorization for Administration of Psychotropic Medications.**

(1)     Whenever the department believes that a child in its physical or legal custody requires the administration of a psychotropic medication, and the child's parents or legal guardians have not provided express and informed consent as provided by law, the department or its agent shall file a motion with the court to authorize the administration of the psychotropic medication before the administration of the medication, except as provided in subdivision (c) of this rule. In all cases in which a motion is required, the motion shall include the following information:

(A) – (B)     [No Change]

(C)     Whether the prescribing physician has obtained the child's assents to take the medication.

(2)     [No Change]

- 9 -

(3)    The department must serve a copy of the motion, and notify all parties and the child's attorney, if appointed, of its proposed administration of psychotropic medication to the child in writing, or by whatever other method best ensures that all parties receive notification of the proposed action, within 48 hours after filing the motion for court authorization. ~~When an attorney is appointed to represent the child a copy of the motion must be served on the attorney.~~

(4)    [No Change]

**(b) – (c)    [No Change]**


**RULE 8.415.        JUDICIAL REVIEW OF DEPENDENCY CASES**

**(a) – (b)    [No Change]**

**(c)    Report.** In all cases, the department or its agent must prepare a report to the court. The report must contain facts showing the court to have jurisdiction of the cause as a dependency case. It must contain information as to the identity and residence of the parent, if known, and the legal custodian, the dates of the original dependency adjudication and any subsequent judicial review proceedings, the results of any safe-harbor placement assessment including the status of the child's placement, and a request for one or more of the following forms of relief:

(1)    [No Change]

(2)    that the case plan be continued to permit the parents or social service agency to complete the tasks assigned to them in the agreement; ~~or~~

(3)    that proceedings be instituted to terminate parental rights and legally free the child for adoption~~.~~; or

(4)     that the child has a special need as defined in section 39.01305, Florida Statutes, who is not represented by an attorney, and who requires appointment of an attorney.

**(d) – (e)    [No Change]**

**(f)    Court Action.**

- 10 -

(1) – (4)  [No Change]

(5)  The court shall appoint an attorney to represent a child with special needs as required by rule 8.231, and who is not already represented by an attorney.

(6)  The court must enter a written order on the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, a determination of the future course of the proceedings, and the date, time, and place of the next hearing.

**(g) – (i)  [No Change]**

## FORM 8.960      SHELTER PETITION

### AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER

COMES NOW, the undersigned, who being first duly sworn says:

1.      On .....(date)..... at .......... a.m./p.m. the above named minor child(ren) was/were found within the jurisdiction of this court.

.....      The child(ren) was/were taken into custody by ...........——————————

.....      The child(ren) need(s) to be taken into protective custody.

2.      The name, age, <u>special needs,</u> and residence of this/these child(ren) is/are:

| Name | Birth date | Sex | <u>Special Needs</u> | Address |
|------|-----------|-----|--------------|---------|
| ...................... | ................... | ............... | ..................... | ...................... |
| ...................... | ................... | ............... | ..................... | ...................... |
| ...................... | ................... | ............... | ..................... | ...................... |

3.      The name, relationship to the child(ren), and address of the child(ren)'s parents or other legal custodian(s) is/are:

| Name | Relationship | Address |
|------|-------------|---------|
| ..................... | ..................... | ..................... |
| ..................... | ..................... | ..................... |

4.      The following individuals who were listed in #3 above have been notified in the following manner of the date, time, and location of this hearing:

| Name | Manner Notified |
|------|-----------------|
| …………………………………… | …………………………………. |
| …………………………….... | …………………………………. |
| …………………………………… | …………………………………. |

5.      There is probable cause that the child(ren)

..... a.   has/have been abused, abandoned, or neglected or̶t̶ is/are in imminent danger of illness or injury as a result of abuse, abandonment, or neglect;

..... b.   was/were with a parent or legal custodian who has materially violated a condition of placement imposed by the court;

..... c.   has/have no legal custodian, or responsible adult relative immediately known and available to provide supervision and care; because ...........——————————

6.      The provision of appropriate and available services will not eliminate the need for placement of the child(ren) in shelter care because:

..... a.   an emergency existed in which the child(ren) could not safely remain in the home;

..... b.   the home situation presents a substantial and immediate danger to the child(ren) which cannot be mitigated by the provision of preventive services;

..... c.   the child(ren) could not be protected in the home despite the provision of the following services and efforts made by the Department of Children and Families to prevent or eliminate the need for placement in shelter care;

..... d.   the child(ren) cannot safely remain at home because there are no preventive services that can ensure the safety of the children.

7.      The department has made reasonable efforts to keep the siblings together after the removal from the home. The reasonable efforts of the department were ..........⎯⎯⎯⎯⎯

..... a.   The children are currently placed together ..........⎯⎯⎯⎯⎯⎯⎯⎯

..... b    A foster home is not available to place the siblings together because ..........⎯⎯⎯⎯⎯⎯⎯⎯

..... c.   It is not in the best interest of each child that all the siblings be placed together in out-of-home care because ..........⎯⎯⎯⎯⎯⎯⎯⎯⎯ ⎯⎯⎯⎯⎯⎯⎯⎯⎯

8.      On-going visitation or interaction between the siblings .....(list)..... is

..... a.   recommended as follows ..........⎯⎯⎯⎯⎯⎯

..... b.   not recommended because visitation or interaction would be contrary to the safety or well-being of .....(name(s))..... because ..........⎯⎯⎯⎯⎯⎯⎯

9.      The child(ren) is/are in need of and the petitioner requests the appointment of a guardian ad litem.

10.     The petitioner requests that the parents, if able, be ordered to pay fees for the care, support, and maintenance of the child(ren) as established by the department under chapter 39, Florida Statutes.

11.     The petitioner requests that the parents be ordered to provide to the Department of Children and Families and the Department of Revenue financial information necessary to accurately calculate child support under section 61.30, Florida Statutes, within 28 days of this order.

12.     This affidavit and petition is filed in good faith and under oath.

WHEREFORE, the affiant requests that this court order that this/these child(ren) be placed in the custody of the department until ~~this/these child(ren) be placed in the custody of the department until~~ further order of this court and that the place of such custody shall be:

..... at the discretion of the Department of Children and Families;

..... at the home of a responsible adult relative, .....(name)....., whose address is ...............;

..... other.

<table>
<tr><td></td></tr>
<tr><td>Moving Party</td></tr>
</table>

<table>
<tr><td></td></tr>
</table>
.....(attorney's name).....
.....(address and telephone number).....
E-mail address: ...............
Florida Bar number: ..............

Verification

## NOTICE TO PARENTS/GUARDIANS/LEGAL CUSTODIANS

A date and time for an arraignment hearing is normally set at this shelter hearing. If one is not set or if there are questions, you should contact the Juvenile Court Clerk's Office at ............... A copy of the Petition for Dependency will be given to you or to your attorney, if you have one. A copy will also be available in the clerk's office. You have a right to have an attorney represent you at this hearing and during the dependency proceedings and an attorney will be appointed for you if you request an attorney and the court finds that you are unable to afford an attorney.

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

# FORM 8.961.    SHELTER ORDER

### ORDER FOR PLACEMENT IN SHELTER

THIS CAUSE came on to be heard under chapter 39, Florida Statutes, on the sworn AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER CARE filed by .....(petitioner's name)....., on .....(date)...... The following persons appeared before the court:

.....      Petitioner ..........................................

.....      Petitioner's attorney ..........................

.....      Mother ..............................................

.....      Father(s) ...........................................

.....      Legal custodian(s) ..............................

.....      Guardian ad litem ...............................

.....      GAL attorney ....................................

.....      Attorney for the Child ........................

.....      Other: ...............................................

and the Court having reviewed its file and having been otherwise duly advised in the premises finds as follows:

1.      The minor child(ren), ...........—, was/were found within the jurisdiction of this court and is/are of an age subject to the jurisdiction of this court.

2.      **PLACEMENT IN SHELTER.**

.....      The minor child(ren) was/were placed in shelter on .....(date)..... at ..........a.m./p.m. by .....(name)....., a duly authorized agent of the department.

.....      The minor child(ren) need(s) to be placed in shelter at the request of the petitioner for the reasons stated in this order.

3.      **PARENTS/CUSTODIANS.** The parents/custodians of the minor child(ren) are:

         Name                   Address

Mother:      ......................      ...............................................

Father of .....(child's name).....:

             ......................      ...............................................

Other: .....(relationship and to which child).....

.....................        ...............................................

4.      **INABILITY TO NOTIFY AND/OR LOCATE PARENTS/CUSTODIANS.**
The petitioner has made a good faith effort to notify and/or locate, but was unable to notify and/or locate .....(name(s))....., a parent or legal custodian of the minor child(ren).

5.      **NOTIFICATION.** Each parent/legal custodian not listed in #4 above was:

.....      duly notified that the child(ren) was/were taken into custody;

.....      duly notified to be present at this hearing;

.....      served with a statement setting forth a summary of procedures involved in dependency cases;

.....      advised of their right to counsel; and

     .....      was represented by counsel, .....(name).....

     .....      knowingly, voluntarily, and intelligently waived the right; or

     .....      the court declined to accept the waiver because .........._____

     .....      requested appointment of counsel, but the court declined appointment because he/she did not qualify as indigent.

     .....      requested appointment of counsel and counsel was appointed.

6.      **PROBABLE CAUSE.**

.....      Based on the allegations in the Affidavit and Petition for Placement in Shelter, there is probable cause to believe that the child(ren) is/are dependent based on allegations of abuse, abandonment, or neglect or substantial risk of same.

.....      A finding of probable cause cannot be made at this time and the court requires additional information to determine the risk to the child(ren). The following information must be provided to the court during the continuation of this hearing: .....(information to be provided)...... This hearing is continued for 72 hours, until .....(date and time)...... The children will remain in shelter care.

7.      **NEED FOR PLACEMENT.** Placement of the child(ren) in shelter care is in the best interest of the child(ren). Continuation in the home is contrary to the welfare of the child(ren) because the home situation presents a substantial and immediate danger which cannot be mitigated by the provision of preventive services and placement is necessary to protect the child(ren) as shown by the following facts:

.....      the child(ren) was/were abused, abandoned, or neglected, or is/are suffering from or in imminent danger of injury or illness as a result of abuse, abandonment, or neglect, specifically: .........._____

- 16 -

..... the custodian has materially violated a condition of placement imposed by the court, specifically: .........⸻⸻⸻⸻⸻⸻

..... the child(ren) has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care, specifically: ..........

8. **REASONABLE EFFORTS.**

..... Reasonable efforts to prevent or eliminate the need for removing the child(ren) from the home have been made by the department, which provided the following services to the family: .........⸻⸻⸻⸻⸻

..... The following specific services, if available, could prevent or eliminate the need for removal or continued removal of the child from the home ..........⸻

..... The date these services are expected to be available is .........⸻⸻

..... The department is deemed to have made reasonable efforts to prevent or eliminate the need for removal from the home because:

...... The first contact with the department occurred during an emergency.

..... The appraisal of the home situation by the department indicates a substantial and immediate danger to the child(ren) which cannot be mitigated by the provision of preventive services.

..... The child(ren) cannot safely remain at home because no services exist that can ensure the safety of the child(ren). Services are not available because .........

..... Even with appropriate services, the child(ren)'s safety cannot be ensured.

..... The department has made reasonable efforts to keep siblings together after the removal from the home. The reasonable efforts of the department were ..........

..... It is not in the best interest of each child that all the siblings be placed together in out-of-home care because ..........

9. **RELATIVE PLACEMENT.**

..... The court asked any parents present whether the parents have relatives that might be considered as a placement for the child(ren).

..... The court advised any parents present that the parents have a continuing duty to inform Tthe department of any relative who should be considered for placement of the child.

..... By this order, the court notifies the relatives who are providing out-of-home care for the child(ren) of the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the child(ren), if they so desire.

It is, therefore, ORDERED AND ADJUDGED, as follows:

- 17 -

..... 1. The child(ren) shall remain/be placed in the shelter custody of:

   ..... the department, with the department having the discretion to shelter the child(ren) with a relative or other responsible adult on completion of a positive homestudy, abuse registry, and criminal background checks.

   ..... all the children shall be placed together in a foster home if available.

..... a foster home is not available for all the children because ..........

..... placement of all the children in the same foster home is not in the best interest of the child(ren) .....(identify the child(ren))..... because ..........

..... Other: ..........

2. The child(ren) ..... may ..... may not be returned to the parent/custodian without further order of this court.

3. a. The Guardian Ad Litem Program is appointed.

   b. An attorney shall be appointed for ..........,

   ..... the child/children has/have special needs as defined in section 39.01305, Florida Statutes.

   ..... it is necessary.

4. The parents, within 28 days of the date of this order, shall provide to the department the information necessary to accurately calculate child support under section 61.30, Florida Statutes. The parents shall pay child support in accordance with Florida Statutes.

5. The legal custodian, or in the absence of the legal custodian, the department and its agents, are hereby authorized to provide consent for and to obtain ordinary and necessary medical and dental treatment and examination for the above child(ren) including blood testing deemed medically appropriate, and necessary preventive care, including ordinary immunizations and tuberculin testing.

6. Visitation with the child(ren) shall be as follows:

   By the parents ..........

   Between the sibling children ..........

   Visitation or interaction between the children .....(identify child(ren))..... is not ordered as it will be contrary to the safety or well-being of .....(identify child(ren))..... because ..........

7. The parents shall provide to the court and all parties identification and location information regarding potential relative placements.

- 18 -

8.       The relatives who are providing out-of-home care for the child(ren) have the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the child(ren), if they so desire.

9.       **IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN, THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CHILD(REN)'S OUT-OF-HOME PLACEMENT MAY BECOME PERMANENT.**

10.       Special conditions: ...................................................................

11.       This court retains jurisdiction over this matter to enter any other and further orders as may be deemed to be in the best interest and welfare of this/these child(ren).

12.       If a Petition for Dependency is subsequently filed in this cause, **the Arraignment Hearing is scheduled for .....(date)....., at ..........a.m./p.m. At~~at~~ .....(location of arraignment)...... The parents have a right to be represented by an attorney at the arraignment hearing and during the dependency proceedings.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....-(name, address, telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

ORDERED in .......... County, Florida on .....(date)....., at ..........a.m./p.m.

_____
Circuit Judge

- 19 -

## FORM 8.970.    ORDER ON JUDICIAL REVIEW

### ORDER ON JUDICIAL REVIEW AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

.....      .....(name)....., Child

.....      .....(name)....., Attorney/~~Attorney ad litem~~ for the child

.....      .....(name)....., Petitioner

.....      .....(name)....., Attorney for the petitioner

.....      .....(name)....., Attorney for the department

.....      .....(name)....., Department caseworker

.....      .....(name)....., Mother

.....      .....(name)....., Attorney for mother

.....      .....(name)....., Father of .....(child).....

.....      .....(name)....., Attorney for father

.....      .....(name)....., Guardian ad litem

.....      .....(name)....., Attorney for guardian ad litem

.....      .....(name)....., Legal custodian

.....      .....(name)....., Attorney for legal custodian

.....      .....(name)....., Other ..........~~........~~

And the court having considered

..... Judicial Review and Social Study Report filed by the Department

..... Statement/home study filed by the Department

..... Report of the Guardian Ad Litem

..... Case plan filed by the Department

..... Statement by the Child's Caretaker

..... Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child

..... Other ..........

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1. That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.

2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

..... .....(name)....., Petitioner

..... .....(name)....., Attorney for the petitioner

..... .....(name)....., Attorney for the department

..... .....(name)....., Department caseworker

..... .....(name)....., Mother

..... .....(name)....., Attorney for mother

..... .....(name)....., Father of .....(child).....

..... .....(name)....., Attorney for father

.....     .....(name)....., Guardian ad litem

.....     .....(name)....., Attorney for guardian ad litem

.....     .....(name)....., Legal custodian

.....     .....(name)....., Attorney for legal custodian

.....     .....(name)....., Attorney ~~ad litem~~ for the child

.....     .....(name)....., Other ..........~~.........~~

3.     The mother, .....(name).....:

.....     did not appear and ..... was ..... was not represented by legal counsel;

.....     appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

4.     The father, .....(name).....:

.....     did not appear and ..... was ..... was not represented by legal counsel;

.....     appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

5. The department filed a judicial review report with the court on .....(date)...... This judicial review report ..... is ..... is not in compliance with the statutory requirements.

6. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)......

7. The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......

8. The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

9. The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......

10. The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

11. The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

12. The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

13. The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14. The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

15. The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16. The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

17. The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

18. The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 19, 20, 21, 22, 23, & 24 if child(ren) is/are not placed in the home of a parent.

..... 19. It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)......

.....    20.    Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

.....    21.    The children ….. are ….. are not separated in their placements. The following efforts have been made to reunite separated siblings:
............................................................................................................................
............................................................................................................................
............................................................................................................................
.....    It is not in the best interest of each sibling to be reunited in their placement because:
............................................................................................................................
............................................................................................................................
.....    Each sibling has the following frequency, kind and duration of contacts:
............................................................................................................................
............................................................................................................................
............................................................................................................................

.....    22.    Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely ..... remain ..... return home with services and removal of the child(ren) is necessary to protect the child(ren).

.....    23.    Prevention or reunification services ..... were not ..... were indicated and are as follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because ...........

.....    24.    The likelihood of the children's reunification with the parent or legal custodian within 12 months is ....................................

COMMENT: Use 25 if child(ren) remain(s) or is/are returned to the parent(s).

.....    25.    The child(ren) can safely ..... remain with ..... be returned to .....(parent('s)(s') name(s))..... as long as he/she/they comply(ies) with the following: ....................

The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1.    The minor child(ren), .....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.

2.    The judicial review report filed by the department is:

.....    not accepted and a continuance was requested.

.....    accepted by the court.

.....  3.    The court finds that it is not likely that the child(ren) will be reunified with the parent or legal custodian within 12 months after the child was removed from the home. The department shall file a motion within 10 days of receipt of this written order to amend the case plan to incorporate concurrent planning into the case plan.

4.    The court inquired of any parents present whether they have relatives who might be considered for placement of the children.

5.    Other: ............................................

6.    All prior orders not inconsistent with the present order shall remain in full force and effect.

7.    This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

8.    This matter is scheduled for Judicial Review on .....(date)..... at .....(time)......

DONE AND ORDERED in ....................., Florida on .....(date)..... at .....(time).....

_____
Circuit Judge

**NOTICE OF HEARING**

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at .......... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to:

## FORM 8.973A.   ORDER ON JUDICIAL REVIEW FOR CHILD AGE 17 OR OLDER

ORDER ON JUDICIAL REVIEW FOR CHILD OVER AGE 17
AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

The following persons appeared before the court:

.....      .....(name)....., Child

.....      .....(name)....., Attorney/~~Attorney ad litem~~ for the Child

.....      .....(name)....., Petitioner

.....      .....(name)....., Attorney for the petitioner

.....      .....(name)....., Attorney for the department

.....      .....(name)....., Department caseworker

.....      .....(name)....., Mother

.....      .....(name)....., Attorney for mother

.....      .....(name)....., Father of .....(child).....

.....      .....(name)....., Attorney for father

.....      .....(name)....., Guardian ad litem

.....      .....(name)....., Attorney for guardian ad litem

.....      .....(name)....., Legal custodian

.....      .....(name)....., Attorney for legal custodian

- 27 -

.....　　.....(name)....., Other: ...........~~..~~

and the court having considered:

.....　　Judicial Review Social Study Report filed by the Department;

.....　　Because the child reached the age of 17 within the past 90 days, written verification that the child:

>      .....　　Has been provided with a current Medicaid card and has been provided all necessary information concerning the Medicaid program;
>
>      .....　　Has been provided with a certified copy of his or her birth certificate and has a valid Florida driver's license or has been provided with a Florida identification card;
>
>      .....　　Has a social security card and has been provided information relating to Social Security Insurance benefits, if the child is believed to be eligible;
>
>      .....　　Has received a full accounting if there is a Master Trust for the child and has been informed as to how to access those funds;
>
>      .....　　Has been provided with information related to the Road-to-Independence Program, including eligibility requirements, information on participation, and assistance in gaining admission to the program. If the child is eligible for the Road-to-Independence Program, has been informed that he or she may reside with the licensed foster family or group care provider with whom the child was residing at the time of attaining his or her 18th birthday or may reside in another licensed foster home or with a group care provider arranged by the department;
>
>      .....　　Has an open bank account or the identification necessary to open a bank account and the information necessary to acquire essential banking and budgeting skills;
>
>      .....　　Has been provided with information on public assistance and how to apply;
>
>      .....　　Has been provided a clear understanding of where he or she will be living on his or her 18th birthday, how living expenses will be paid, and what educational program the child will be enrolled in.

..... Has been provided with information as to the child's ability to remain in care until he/she reaches 21 years of age;

..... Has been provided with a letter stating the dates that the child is under the jurisdiction of the court;

..... Has been provided with a letter stating that the child is in compliance with financial aid documentation requirements;

..... Has been provided his or her educational records;

..... Has been provided his or her entire health and mental health records;

..... Has been provided with information concerning the process for accessing his or her case file; and

..... Has been provided with a statement encouraging the child to attend all judicial review hearings occurring after his or her 17th birthday.

..... Statement/homestudy filed by the Department;

..... Report of the Guardian Ad Litem;

..... A case plan, dated .........., filed by the Department that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;

..... Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;

..... Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;

..... Other: .............

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.	That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.

2.	The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

.....	.....(Name)....., Child

.....	.....(Name)....., Attorney/~~Attorney ad Litem~~ for the Child

.....	.....(Name)....., Petitioner

.....	.....(Name)....., Attorney for the petitioner

.....	.....(Name)....., Attorney for the department

.....	.....(Name)....., Department caseworker

.....	.....(Name)....., Mother

.....	.....(Name)....., Attorney for mother

.....	.....(Name)....., Father of .....(child).....

.....	.....(Name)....., Attorney for father

.....	.....(Name)....., Guardian ad litem

.....	.....(Name)....., Attorney for guardian ad litem

.....	.....(Name)....., Legal custodian

.....	.....(Name)....., Attorney for legal custodian

.....	.....(Name)....., Other: .................

3.	The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4.	The mother, .....(name)........:

.....	did not appear and ......: was ......: was not represented by legal counsel;

.....	appeared ......: with ......: without legal counsel and ......: was ......: was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ......: was not appointed an attorney.

5.	The father, .....-(name)......:

.....	did not appear and ......: was ......: was not represented by legal counsel;

.....	appeared ......: with ......: without legal counsel and ......: was ......: was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

6.	The department filed a judicial review report with the court on .....(date)-...... This judicial review report ..... is ..... is not in compliance with the statutory requirements.

7.	The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)-......

8.	The mother has complied with the following tasks in the case plan: .....-(list tasks complied with)-......

9.	The mother has not complied with the following tasks in the case plan: .....-(list tasks not complied with)-......

10. The father, .....-(father's name)-....., has complied with the following tasks in the case plan: .....-(list tasks complied with)-......

11. The father, .....-(father's name)-....., has not complied with the following tasks in the case plan: .....-(list tasks not complied with)......

12. The mother ..... has ..... has not complied with court ordered visitation as follows: .....-(explanation of visitation compliance)......

13. The father, .....(father's name)-....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14. The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

15. The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16. The father, .....-(father's name)-....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....-(explanation of financial compliance)......

17. The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....-(explanation of meetings compliance)......

18. The father, .....(father's name).....-, ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

19. The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 20, 21, 22, 23, & 24 if child(ren) is/are not placed in the home of a parent.

..... 20. It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)......

..... 21. Placement of the minor child(ren) in the care and custody of .....-(placement ordered)-..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

..... 22. The children ..... are ..... are not separated in their placements. The following efforts have been made to reunite the siblings: .........._____

_____ _____

..... It is not in the siblings' best interest to be reunited in their placement because:

_____

_____

..... The separate siblings have the following frequency, kind, and duration of contacts:

_____

….. 23. Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely ..... remain ..... return home with services and removal of the child(ren) is necessary to protect the child(ren).

..... 24. Prevention or reunification services ..... were not ..... were indicated and are as follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because .........._____

COMMENT: Use 25 if child(ren) remain(s) or is/are returned to the parent(s).

..... 25. The child(ren) can safely ..... remain with ..... be returned to .....(parent('s)(s') name(s))..... as long as he/she/they comply(ies) with the following: .........._____ The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.

..... 26. The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

..... 27. The department ..... has ..... has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The minor child(ren), .....-(name(s))-....., be placed in the custody of .....(name)....., under supervision of the department.

2. The judicial review report filed by the department is:

..... not accepted and a continuance was requested.

..... accepted by the court.

3. Other: ...................................

4. All prior orders not inconsistent with the present order shall remain in full force and effect.

5. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

6. This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall occur first.

7. This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth.

8. This court shall retain jurisdiction until the child's 21st birthday, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday.

9. This matter is scheduled for Judicial Review on .....-(date)-..... at .....(time)-......

DONE AND ORDERED in ..........................., Florida, on .....(date)......

_____
Circuit Judge

### NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ........... a.m./p.m......., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ......:(name, address, and telephone number)...... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to ...................

# FORM 8.973B.   ORDER ON JUDICIAL REVIEW

ORDER ON LAST JUDICIAL REVIEW BEFORE CHILD REACHES AGE 18 AND NOTICE
OF NEXT HEARING

THIS CAUSE came on to be heard on .....-(date)-..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

.....      .....(Name)....., Child
.....      .....(Name)....., Attorney/~~Attorney ad Litem~~ for the Child
.....      .....(Name)....., Petitioner
.....      .....(Name)....., Attorney for the petitioner
.....      .....(Name)....., Attorney for the department
.....      .....(Name)....., Department caseworker
.....      .....(Name)....., Mother
.....      .....(Name)....., Attorney for mother
.....      .....(Name)....., Father of .....(child).....
.....      .....(Name)....., Attorney for father
.....      .....(Name)....., Guardian ad litem
.....      .....(Name)....., Attorney for guardian ad litem
.....      .....(Name)....., Legal custodian
.....      .....(Name)....., Attorney for legal custodian
.....      .....(Name)....., Other: .........~~........~~

and the court having considered:

.....      Judicial Review Social Study Report filed by the Department;
.....      Statement/homestudy filed by the Department;
.....      Report of the Guardian Ad Litem;
.....      A case plan, dated .........., filed by the Department that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;
.....      Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;
.....      Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;
.....      Other: .........~~...........~~

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.      That the minor child(ren) who .....is/are..... the subject matter of these proceedings .....was/were..... adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and .....is/are..... resident(s) of the state of Florida.

2.      The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

.....      .....(Name)....., Child
.....      .....(Name)....., Attorney/Attorney ad Litem for the Child
.....      .....(Name)....., Petitioner
.....      .....(Name)....., Attorney for the petitioner
.....      .....(Name)....., Attorney for the department
.....      .....(Name)....., Department caseworker
.....      .....(Name)....., Mother
.....      .....(Name)....., Attorney for mother
.....      .....(Name)....., Father of .....(child).....
.....      .....(Name)....., Attorney for father
.....      .....(Name)....., Guardian ad litem
.....      .....(Name)....., Attorney for guardian ad litem
.....      .....(Name)....., Legal custodian
.....      .....(Name)....., Attorney for legal custodian
.....      .....(Name)....., Other: ..........

3.      The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4.      The mother, .....(name).....:

.....      did not appear and ..... was ..... was not represented by legal counsel;
.....      appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

5. The father, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;
..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

6. The department filed a judicial review report with the court on .....(date)...... The judicial review report ..... is ..... is not in compliance with statutory requirements.

7. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)......

8. The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......

9. The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

10. The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)-......

11. The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

12. The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

13. The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14. The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance).....-.

15. The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16.    The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....-(explanation of financial compliance)......

17.    The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

18.    The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

19.    The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 20, 21, 22, 23, & 24 if child(ren) is/are not placed in the home of a parent.

20.    It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)......

21.    Placement of the minor child(ren) in the care and custody of .....(placement ordered).....- is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

.....    22.    The children ..... are ..... are not separated in their placements. The following efforts have been made to reunite separated siblings: ..........

.....    It is not in the best interest of each sibling to be reunited in their placement because: ..........

.....    Each sibling has the following frequency, kind, and duration of contacts: ..........

23.    Return of the minor child(ren) to the custody of .....-(person(s) from whom child(ren) was/were originally removed).....- would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely .....- remain .....- return home with services and removal of the child(ren) is necessary to protect the child(ren).

24.    Prevention or reunification services .....- were not ..... were indicated and are as follows: .....-(services indicated)......- Further efforts could not have shortened separation of this family because ..........

COMMENT: Use 25 if child(ren) remain(s) or is/are returned to the parent(s).

25.    The child(ren) can safely ..... remain with ..... be returned to ..... (parent('s)(s') name(s))..... as long as he/she/they comply(ies) with the following: .......... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to .....- remain .....- return home.

26. The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

27. The department ..... has .....: has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

..... 28. The child does plan on remaining in foster care.

a. the child will meet the requirements by ..........——————————

b. the supervised living arrangement will be ..........————————

c. the child has been informed of

..... (1) the right to continued support and services;

..... (2) the right to request termination of this court's jurisdiction and to be discharged from foster care;

..... (3) the opportunity to reenter foster care pursuant to Florida law.

..... 29. The child does not plan on remaining in foster care. The child has been informed of:

.....: a. services or benefits for which the child may be eligible based upon the child's placement and length of time spent in licensed foster care;

.....: b. services or benefits that may be lost through a termination of the court's jurisdiction; and

.....: c. other federal, state, local, or community-based services or supports available to the child.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The minor child(ren), .....:(name(s)).....:, be placed in the custody of .....:(name).....:, under supervision of the department.

2. The judicial review report filed by the department is: ..... not accepted and a continuance was requested. ..... accepted by the court.

3. Other: ..........————

4. All prior orders not inconsistent with the present order shall remain in full force and effect.

5.      This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

6.      This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall occur first.

7.      This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth.

8.      This court shall retain jurisdiction until the child's 21st birthday, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday.

9.      This matter is scheduled for Judicial Review on .....-(date).....- at .....(time)......

DONE AND ORDERED in ..........-........., Florida, on .....-(date)......-

Circuit Judge

**NOTICE OF HEARING**

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ..........., a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to: ..........